IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, MARIANA DOE,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, KRISTIN LINDQUIST, individually and as care coordinator of Waianae High School, DOE DEFENDANTS 1-10,<br><br>    Defendants.<br>_____<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, and KRISTIN LINDQUIST, individually and as care coordinator of Waianae High School,<br><br>    Defendants and<br>    Third-Party Plaintiffs,<br><br>  vs. | CIVIL NO. 13-00567 DKW-BMK<br><br>**ORDER DENYING MOTION TO STRIKE OR DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT** |

1

| RUSTON TOM; DOE DEFENDANTS 1-10, |
| Third-Party Defendants. |

## ORDER DENYING MOTION TO STRIKE OR DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT

## INTRODUCTION

Third-Party Defendant Ruston Tom seeks dismissal of the third-party claims for indemnity and contribution filed by the State Defendants. Because Federal Rule of Civil Procedure 14 permits the third-party claims, which appear to advance the goal of efficiently resolving the parties' collective dispute in a single forum and in a single action, Tom's request is denied. The Court also declines Tom's alternative verbal request to sever the claims against him.

## BACKGROUND

Plaintiff Angelica J. Kauhako sued Defendants State of Hawaii Department of Education ("DOE") and its employees, Nelson Shigeta and Kristin Linquist, alleging that Kauhako's minor child was sexually assaulted by an adult male while both were special needs students at a DOE school, and while both were

2

in the care of and being supervised by the DOE. Defendants filed a Third-Party Complaint against Tom, the alleged adult male perpetrator, which claims that:

> If Plaintiff sustained injuries and/or damages as alleged in the First Amended Complaint, those injuries and/or damages were caused solely by the negligent, intentional, reckless, and/or tortuous [sic] conduct of the Third-Party Defendant, and not the State Defendants.

Third-Party Complaint ¶ 7. In short, Defendants claim that if they are found liable to Plaintiff, then they are entitled to indemnification and contribution from Tom. Third-Party Complaint ¶ 8.

Tom seeks dismissal of the Third-Party Complaint pursuant Fed.R.Civ.P. 8 and 14. Tom asserts that he is "cognitively impaired and has severely limited capacity to care for himself and manage his own affairs." Mot. at 3. Defendants challenge this characterization, asserting that, "based on his ability to function well in numerous adaptive, social, and basic academic situations," Tom's impairment is mild, not severe. Linquist Decl. ¶ 5.

## **DISCUSSION**

Rule 14(a)(1) permits a party to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit: "a defending party may, as third-party

3

plaintiff, serve summons and complaint on a non party who is or may be liable to it for all or part of the claim against it."

"The decision whether to permit impleader is left to the discretion of the trial court." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000). "[A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Id.* at 1056 (quoting *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir.1971), cert. denied, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972)).

In determining whether to allow a third-party complaint, courts will typically balance the policy of liberally allowing third-party practice with the possibility of prejudice to the plaintiff and the third-party defendant, the complication of the issues at trial posed by the third-party complaint, the merits of the third-party complaint, and any additional costs that might be incurred by the parties as a result of the third-party complaint. *Id.* at 1056. Examining these factors here, the Court finds that they counsel in favor of permitting the Third-Party Complaint.

First, the legal issues and evidence in the Kauhako Plaintiff's action against the State Defendants are based on the same underlying incident as the

third-party action.  Kauhako alleges violations of Title IX, 20 U.S.C. § 1681(a), and 42 U.S.C. § 1983; and state law claims based on premises liability, assault and battery, negligent supervision of students, negligent hiring/training/supervision of school staff, negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and vicarious liability for the acts of individual agents.  The Third-Party Complaint specifically incorporates the First Amended Complaint and asserts that any injuries and damages were caused by the intentional or tortious conduct of Tom.  The Third-Party Complaint does not "introduce unrelated issues and unduly complicate the original suit."  *Bel Air Mart v. Arnold Cleaners, Inc.*, 2014 WL 763185, at *11 (E.D. Cal. Feb. 21, 2014) (citation omitted).  This factor weighs against granting the motion.

  Second, because the claims arise from the same underlying incident, allowing the addition of the third-party claim would not greatly increase either the discovery necessary to bring this case to trial or the length of the trial itself.  Likewise, this factor weighs against granting the motion.

  Third, there is no apparent prejudice to the Kauhako Plaintiff or Tom in permitting the Third-Party Complaint.  Plaintiff has filed a statement of no position with regard to this motion, evidencing her assent to the third party complaint.  Moreover, if Plaintiff were to obtain a judgment against the State Defendants, they

represent that they would file a separate suit against Tom involving more discovery and a separate trial. Mem. in Opp. at 6. Allowing impleader then would enhance, not impede, judicial efficiency. This factor weighs against granting the motion.

Finally, the Court concludes that the Third-Amended Complaint satisfies Rule 8, and sets forth causes of action for which relief may be granted. Defendants' claims against Tom for contribution or indemnity are supported by existing law. *See Cabalce v. VSE Corp.,* 914 F. Supp. 2d 1145 (D. Haw. 2012); *Brooks v. Dana Nance & Co.*, 113 Hawai'i 406, 153 P.3d 1091 (2007) (discussing state law principles of indemnity and contribution between joint tortfeasors). The allegations are also sufficiently clear with regard to what the DOE believes Tom did, and the basis of the claimed responsibility for his actions, such that he should have little difficulty understanding what he needs to address in his responsive pleading.

At the hearing on the motion, counsel for Tom urged that if the Court was inclined to permit impleader, it should at least sever the claims against his client. Rule 21 of the Federal Rules of Civil Procedure allows the Court to "sever any claim against any party." Once a claim has been severed under Rule 21, "it proceeds as a discreet unit with its own final judgment, from which an appeal may be taken." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1689 (3d ed. 2001). A district court has "broad discretion" in

determining whether such a severance is appropriate.  *See In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012); *Rice v. Sunrise Express, Inc.,* 209 F.3d 1009, 1016 (7th Cir. 2000).   At present, the Court finds that severance is not appropriate, as it appears that the facts and legal issues are necessarily intertwined, and that judicial economy would be served by managing and litigating the parties' claims in a single action.   Moreover, it is not at all clear that severance would address Tom's dilemma or protect him from discovery in the manner suggested by counsel.

Although the Court is sympathetic to the position in which this litigation places both Tom and the State Defendants, including the costs of defense, the Court concludes that neither dismissal of the third-party claims nor severance is appropriate at this time.   Accordingly, Tom's Motion to Strike/Dismiss First Amended Third-Party Complaint is DENIED.

IT IS SO ORDERED.

DATED: July 11, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Angelica J. Kauhako v. State of Hawaii, et al*; Civ. 13-00567 DKW-BMK; **ORDER DENYING MOTION TO STRIKE OR DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT**

7