IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, MARIANA DOE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, KRISTIN LINDQUIST, individually and as care coordinator of Waianae High School, DOE DEFENDANTS 1-10,<br><br>Defendants.<br>_____<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, and KRISTIN LINDQUIST, individually and as care coordinator of Waianae High School,<br><br>Defendants and Third-Party  Plaintiffs, | CIVIL NO. 13-00567 DKW-BMK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

vs.

RUSTON TOM; DOE DEFENDANTS
1-10,

        Third-Party Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

## INTRODUCTION

Kauhako alleges that Ruston Tom, an adult male special needs student, repeatedly sexually assaulted her minor daughter, Mariana Doe, also a special needs student, while under the care and supervision of the DOE at Waianae High School. Shigeta is the principal and Lindquist is the student care coordinator at Waianae. Because Kauhako sufficiently pleads a Title IX and premises liability claim, the DOE's motion as to Counts I and III is DENIED. The Motion is GRANTED in all other respects, as set forth below.

## BACKGROUND

Kauhako alleges that in December 2012, during school hours, Mariana was harassed, bullied, molested and ultimately raped by a male student since identified as Third Party Defendant, Ruston Tom. Complaint ¶ 9; Dkt. No. 11 (November 7,

2013 First Amended Third Party Complaint). Both Mariana and Tom are special education students at Waianae High School. Kauhako further alleges that the rape occurred "when [Doe and Tom] had gone off-campus while school was in session." Complaint ¶ 10. According to Kauhako, Defendants were notified of the incident and "a meeting was held between Defendants and Plaintiff's mother to address the incident, the need for Defendants to monitor and supervise Plaintiff and the other special needs students closely, and to monitor and protect Plaintiff from being molested again." Complaint ¶¶ 11.

Despite this meeting, Kauhako alleges that Tom raped and sexually assaulted Doe "several more times in a bathroom designated by school officials as 'coed' on the campus of the Waianae High School." Complaint ¶¶ 12-13. She contends that the rapes continued because Defendants negligently and/or intentionally failed to properly monitor and supervise her daughter and other special needs students at the school. *Id.* Specifically, Kauhako claims the DOE violated a duty of care to take all reasonable steps under the circumstances to protect such students, including making "access to the bathrooms gender-restrictive." Complaint ¶¶ 21-22.

The complaint sets forth the following claims for relief: (1) violation of Title IX, 20 U.S.C. § 1681(a), based on student-on-student sexual harassment (Count I); (2) a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment and Title

3

IX (Count II); (3) premises liability (Count III); (4) sexual assault and battery (Count IV); (5) negligent supervision of students (Count V); (6) negligent hiring, training, and/or supervision of school staff (Count VI); (7) negligence (Count VII); (8) gross negligence (Count VIII); (9) willful and wanton conduct/reckless disregard (Count IX); (10) intentional infliction of severe emotional distress ("IIED") (Count X); (11) negligent infliction of emotional distress ("NIED") (Count XI); (12) and a *respondeat superior* claim against the DOE (Count XII). Defendants seek judgment on the pleadings as to Counts I, II, III, IV, VI, IX, and XII.[1]

## STANDARD

Defendants seek partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). That rule states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion is "functionally identical" to that governing a Rule 12(b)(6) motion. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "Judgment on the pleadings under Rule 12(c)

---

[1] Defendants have not moved with respect to Count V (negligent supervision of students); Count VIII (gross negligence); Count X (IIED); or Count XI (NIED). Defendants' notice of motion identifies Count VII (negligence) as one of the counts on which Defendants seek judgment. *See* Dkt. No. 37 at 3. Defendants' memorandum, however, does not address Count VII and omits any reference to Count VII in the "relief requested" by Defendants. Accordingly, the Court construes Defendants' notice as in error and motion as inapplicable to Count VII, and will not address Count VII any further in this order.

is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Under to *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

## DISCUSSION

### I. Claims Dismissed by Stipulation

In her opposition brief, Kauhako states that she does not oppose the Motion as to Count II (Section 1983); Count IV (Sexual Assault and Battery); Count VI (Negligent Hiring, Training and/or Supervision); Count IX (Willful and Wanton Conduct/Reckless Disregard); and Count XII (*Respondeat Superior*, Agency Liability and/or Vicarious Liability). Dkt. No. 41 at 3. In fact, at oral argument, Kauhako's counsel stipulated to the dismissal of these Counts against all Defendants. Accordingly, the Court does not further address these Counts in this order. The Court turns to the remaining claims upon which Defendants have moved, and which are opposed – Counts I and III.

### II. Count I: Title IX

#### A. Kauhako States a Title IX Claim Against the DOE

Defendants argue that Count I fails to state a claim under Title IX because the DOE was not deliberately indifferent to known acts of sexual harassment and there are no allegations that it intentionally failed to intervene to stop the harassment. The DOE is correct that Title IX prohibits intentional discrimination. *See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (holding that Title VI, upon which

Title IX is based, prohibits only intentional discrimination). The statute provides, in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). A school's failure to respond to student-to-student sexual harassment can constitute intentional discrimination for purposes of Title IX in certain "limited circumstances." *See Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 643 (1999).

In order to state a prima facie case under Title IX, a plaintiff must allege that: (1) the sexual harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to educational opportunities or benefits; (2) the defendant had actual knowledge of the sexual harassment; and (3) the defendant was deliberately indifferent to the harassment. *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000); *Lopez v. Regents of University of Cal.*, 5 F. Supp. 3d 1106, 1120-22 (N.D. Cal. 2013); *see also Williams v. Bd. of Regents of Univ. System of Ga.*, 477 F.3d 1282, 1296 (11th Cir. 2007) (holding that a Title IX plaintiff at the motion to dismiss stage must allege that the Title IX

recipient's deliberate indifference to the initial discrimination subjected the plaintiff to further discrimination).

Significantly, where a Title IX claim is predicated on a student's sexual harassment, actual notice on the part of the federal funding recipient is critical because "it is the deliberate failure to curtail known harassment, rather than the harassment itself, that constitutes the intentional Title IX violation." *Mansourian v. Regents of University of Cal.*, 602 F.3d 957, 967 (9th Cir. 2010). "The actual notice requirement under Title IX is satisfied where an 'appropriate official possessed enough knowledge of the harassment that it reasonably could have responded with remedial measures to address the kind of harassment upon which plaintiff's legal claim is based.'" *Lopez*, 5 F. Supp. 3d at 1122-23 (quoting *Folkes v. N.Y. College of Osteopathic Medicine*, 214 F. Supp. 2d 273, 285 (E.D.N.Y. 2002)).

Defendants assert their entitlement to judgment on the pleadings because there "are no factual assertions that there had ever been any assaults or other problems on campus by the male student or in this 'coed' bathroom." Reply at 8. Such allegations, however, are not required. In this case, the complaint alleges that after the first time Mariana was "attacked by the male student . . . when they had gone off-campus while school was in session," a meeting was held between Kauhako and Defendants. Complaint ¶ 10. Specifically: "Defendants were

notified of the incident, and a meeting was held between Defendants and the Plaintiff's mother to address the incident, the need for Defendants to monitor and supervise Plaintiff and the other special needs students closely, and to monitor and protect Plaintiff from being molested again." Complaint ¶ 10. Despite having actual notice of the alleged sexual harassment that occurred off-campus during school hours, Kauhako alleges that "Defendants failed, neglected, and/or refused to provide proper monitoring and supervision," and "[a]s a result, Plaintiff was subsequently raped and sexually assaulted by the same male student several more times in a bathroom designated by school officials as 'coed' on the campus of the Waianae High School." Complaint ¶¶ 12-13.

Count I, in other words, expressly alleges that Defendants "intentionally violated Title IX by acting with deliberate indifference to acts of harassment in the State's school programs or activities of which [it] had actual knowledge," and that the "State failed, neglected, and/or refused to investigate and/or to put an end to the harassment." Complaint ¶¶ 27, 30. It quite clearly alleges intentional conduct with actual advanced knowledge by the Defendants, not merely a negligent failure to intervene. *See* Mem. in Supp. at 5-6; c*f. Lopez*, 5 F. Supp. 3d at 1122-23 ("The Complaint does not allege the student informed University officials of the incidents. In fact, Plaintiffs' allegations that students who knew of Lumbreras' conduct failed

to report it, militates against a finding that the U.C. Regents had actual knowledge of that conduct."). Moreover, the Court rejects Defendants' suggestion that prior notice of the initial off campus sexual assault was not sufficient to alert school officials to the subsequent assaults that occurred on campus. According to the Complaint, Defendants were aware of the very same conduct occurring between the very same actors during school hours in close temporal proximity to the initial incident. To hold that notice of that severe and objectively offensive incident is insufficient for purposes of stating a prima facie case under Title IX, merely because subsequent incidents did not occur in the same precise location, would amount to a cramped reading of the statute and its interpretive law.

### B. Count I Fails to State a Claim Against Shigeta and Lindquist

Kauhako, however, cannot state a Title IX claim against Shigeta and Lindquist, individual employees of the DOE. A plaintiff can only state a Title IX claim against *institutional* recipients of federal funding – here, the DOE. *Lopez v. Regents of University of Cal.*, 5 F. Supp. 3d 1106, 1120 (N.D. Cal. 2013).

Accordingly, Defendants' Motion for Judgment on Count I is DENIED as it relates to the DOE and GRANTED as to Shigeta and Lindquist individually.

## III. Count III: Premises Liability

Defendants claim entitlement to judgment on the pleadings on Count III because a premises liability claim does not apply to a coed bathroom on a public school campus. They maintain that a premises liability claim is "based on the condition of the land," and not "who is allowed to use a bathroom." Mem. in Supp. at 8. Kauhako counters that she states a premises liability claim because Defendants may be liable for allowing a "condition or activity to exist on the land that he [or she] knows or has reason to know poses an unreasonable risk of harm." Mem. in Opp. at 6. She asserts that "Defendants knew or should have known that designating only a single bathroom [for] both male and female special education students was a recipe for disaster for Mariana Doe[.]" *Id.*

> For a negligence claim based on premises liability, the Hawaii Supreme Court has held:
>
>> if a condition exists upon the land which poses an unreasonable risk of harm to persons using the land, then the possessor of the land, if the possessor knows, or should have known of the unreasonable risk, owes a duty to the persons using the land to take reasonable steps to eliminate the unreasonable risk, or adequately to warn the users against it.
>
> *Corbett v. Ass'n of Apartment Owners of Wailua Bayview Apartments*, 70 Haw. 415, 417, 772 P.2d 693, 695 (1989)). In other words, "an owner or occupant of the land will be liable for a plaintiff's injury if the owner or occupant was previously put

11

on actual or constructive notice of an unreasonably unsafe condition that caused the injury." *Campos v. United States*, 2008 WL 2230717, at *5 (D. Haw. May 30, 2008) (citing *Harris v. State*, 1 Haw.App. 554, 557, 623 P.2d 446, 448 (1981)). "The owner or occupant is put on constructive notice of the unsafe condition if it existed for such a period of time that the owner or occupant should have been able to detect it through the exercise of reasonable diligence." *Id*. (citing *Hascup v. City & County of Honolulu*, 2 Haw.App. 639, 640, 638 P.2d 870, 872 n.1 (1982)).

*Mohler v. Kipu Ranch Adventures, LLC*, 2014 WL 5817538, at *8 (D. Haw. Nov. 7, 2014).

The complaint alleges that:

> Defendants had actual or constructive notice that Plaintiff required special assistance and was vulnerable, that the bathroom was made "coed" allowing access to boys and girls, . . . and that Plaintiff on several prior occasions was harassed, abused, terrorized and/or molested by the same male student.
>
> Despite their knowledge and awareness of these dangerous and/or hazardous conditions on school property, Defendants failed, neglected and/or refused to take reasonable action to protect Plaintiff from harm.

Complaint ¶¶ 41-42.

The Hawaii Supreme Court explains the duty of a landowner as follows:

> This court has generally declined to impose a duty on landowners to protect against the criminal acts of a third party, inasmuch as, "under ordinary circumstances, criminal acts are not reasonably to be expected, and are so unlikely in any particular instance that the burden of taking continual precautions against them almost always exceeds the apparent

> risk." *Doe v. Grosvenor Properties (Hawaii) Ltd.*, 73 Haw. 158, 162, 829 P.2d 512, 515 (1992). However, when there is a "special relationship" between a landowner and someone on its property, the landowner has a duty to protect the person from the criminal acts of third parties if those criminal acts are "reasonably foreseeable." *Id.* at 163–65, 829 P.2d at 515–16; *Maguire*, 79 Hawai'i at 113–15, 899 P.2d at 396–98.

*Moyle v. Y & Y Hyup Shin, Corp.,* 118 Hawai'i 385, 392, 191 P.3d 1062, 1069 (2008).

The Restatement (Second) of Torts § 314A (1965), cited with approval by Hawaii Courts, in part covers conduct by third parties who may be present on the property. *See, e.g., Grosvenor Properties,* 73 Haw. at 166, 829 P.2d at 516 (finding that the "landlord-tenant relationship does not fall within the terms of Restatement, § 314A(3)"); *Knodle v. Waikiki Gateway Hotel, Inc.*, 69 Haw. 376, 386, 742 P.2d 377, 384 (1987) (relying on Restatement (Second) of Torts § 314(A) (1965) to establish the duty of innkeeper to guest "to take reasonable action to protect the latter against unreasonable risk of physical harm"). A comment to this section states in part: "The duty to protect the other against unreasonable risk of harm extends to risks arising out of the actor's own conduct, or the condition of his land or chattels. It extends also to risks arising from forces of nature or animals, or from the acts of third persons, whether they be innocent, negligent, intentional, or even criminal."

Restatement (Second) of Torts § 314A, cmt. d. (1965). Another comment discusses the scope of the landowner's duty of reasonable care as follows:

> The duty in each case is only one to exercise reasonable care under the circumstances. The defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury. He is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate, or to give aid to one whom he has no reason to know to be ill. He is not required to take any action where the risk does not appear to be an unreasonable one, as where a passenger appears to be merely carsick, and likely to recover shortly without aid.

Restatement (Second) of Torts § 314A, cmt. e. (1965).

Defendants offer no authority for the proposition that a premises liability claim is barred as a matter of law in cases with analogous factual allegations. In fact, recent Hawaii case law suggests that such claims may be viable, where a special relationship exists between a property owner and an invitee. In *Victor v. Koga*, 131 Hawaiʻi 253, 317 P.3d 69 (Ct. App. 2014), the Hawaii Intermediate Court of Appeals ("ICA") affirmed summary judgment for landowners sued by the parents of a minor who was sexually assaulted by an occupant of the defendants' residence. The Victors alleged four counts against the homeowners, each of which alleged a duty on the part of the landowners to plaintiffs' minor child, and a subsequent breach of that duty. The trial court granted summary judgment in favor of the defendant

Kogas on all of the counts against them, holding that there was no legal duty owed by the Kogas to the Victors, that there was no special relationship between the Kogas and the minor, that there was no notice to the Kogas that Nonaka, the alleged assailant, had any dangerous propensities, and that the incidents were not foreseeable to the Kogas. The ICA agreed, distinguishing *Atahan v. Muramoto*, 91 Hawaiʻi 345, 984 P.2d 104 (Ct. App. 1999), a case that concerned landowners who make land or water areas available to the public, and addressed which type of "invitees" such a landowner may have liability toward. In *Victor*, the ICA observed that "[n]othing in the record, however, indicates that the Kogas held the Property open to the public." *Id*. (citing *Cuba v. Fernandez*, 71 Haw. 627, 633, 801 P.2d 1208, 1211 (1990) ("[T]o hold one's land open to the public requires some affirmative action signaling that entry is desired rather than simply disregarded."); Restatement (Second) of Torts § 332 cmt. b (1965) ("[A]n invitation is conduct which justifies others in believing that the possessor desires them to enter the land.")). As a result, the ICA concluded that "the fact that the Kogas owned the Property and that Nonaka invited Minor to enter the Property does not create a special relationship between the Kogas and Minor for the purpose of establishing premises liability." *Id.* (citing Restatement (Second) of Torts § 314A (1965)).

Based on this Court's reading of *Victor* and similar cases, a premises liability claim is not foreclosed under similar circumstances where a special relationship exists between a landowner and victim, and the criminal assault by a third-party is reasonably foreseeable under the circumstances. The DOE did have a special relationship with Mariana as well as with Tom, two of the special needs students it supervised, and the DOE was aware, at least according to the Complaint, of at least one prior assault of Mariana by Tom that was criminal in nature. This is not a case where the property condition at issue was merely a co-ed bathroom, and any attempt to frame it as such mischaracterizes the Complaint. The Court's conclusion is supported by other Hawaii cases involving landowner liability for the criminal acts of a third person. *See, e.g., Doe v. Grosvenor Properties (Hawaii) Ltd.*, 73 Haw. 158, 162, 829 P.2d 512, 515 (1992) (finding no duty on building owner to protect employee of tenant from attack by third-party in building elevator, where no special relationship existed between building owner and plaintiff and the sexual assault was not reasonably foreseeable under the circumstances); *Maguire v. Hilton Hotels Corp.*, 79 Hawaiʻi 110, 899 P.2d 393 (1995) (vacating summary judgment for hotel property owner where plaintiff was business visitor of hotel and issues of fact existed as to reasonable foreseeability of criminal attacks by third parties); *see also Panion v. United States*, 385 F. Supp. 2d 1071 (D. Haw. 2005) (finding that

government breached duty to hospital patient who was sexually assaulted by hospital staff, and awarding damages based on the hospital's negligence).

In short, Defendants provide no authority that a claim for premises liability will not lie under the circumstances alleged here. Accordingly, the Motion as to Count III is DENIED as to the DOE. To the extent Kauhako attempts to state a premises liability claim against Shigeta and Lindquist individually – neither of whom are alleged to be landowners or occupants in control or possession of the property[2] – the Motion on Count III is GRANTED.

## IV. Claims Against Shigeta and Lindquist

First, to the extent Kauhako alleges claims against Shigeta and Lindquist in their official capacities, those claims are duplicative of her claims against the DOE. Accordingly, Shigeta and Lindquist are entitled to judgment on the pleadings for the claims against them in their official capacities. *See, e.g., Wong v. City & Cnty. of Honolulu*, 333 F. Supp. 2d 942, 947 (D. Haw. 2004) (dismissing both federal and state law claims against individuals in their official capacities).

Second, to the extent Kauhako alleges claims against Shigeta and Lindquist in their individual capacities in Counts I and III, they are entitled to judgment on the

---

[2]The complaint alleges that "Waianae High School is, and was at all relevant times herein, owned and maintained by the State." Complaint ¶ 14.

17

pleadings, for the reasons set forth above. Kauhako's Title IX claim (Count I) and premises liability claim (Count III) remain against the DOE only.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings is DENIED in part and GRANTED in part.

IT IS SO ORDERED.

Dated: February 3, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Kauhako v. State of Hawaii*; Civil No. 13-00567 DKW-BMK; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**