IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, MARIANA DOE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, KRISTIN LINDQUIST, individually and as Care coordinator of Waianae High School, DOE DEFENDANTS 1-10,<br><br>　　　　　Defendants.<br>_____ | Civil No. 13-00567 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANT RUSTON TOM'S MOTION FOR ATTORNEYS' FEES |
| STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, KRISTIN LINDQUIST, individually and as Care coordinator of Waianae High School, DOE DEFENDANTS 1-10,<br><br>　　　Third-Party Plaintiffs,<br><br>　　vs.<br><br>RUSTON TOM; DOE DEFENDANTS 1-10, | |

1

)
      Third-Party Defendants.  )
_____ )

## FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANT RUSTON TOM'S MOTION FOR ATTORNEYS' FEES

On May 26, 2016, Third-Party Defendant Ruston Tom ("Tom") filed a Motion for Attorneys' Fees ("Motion").  ECF No. 211.  On the same date, Tom filed a Statement of Consultation.  *See* ECF No. 211-4.  On June 9, 2016, Defendant State of Hawaii Board of Education Department of Education ("State BOE") filed a response opposing Tom's Motion.  ECF No. 219.  Tom filed a reply to the State BOE's opposition on June 13, 2016.  ECF No. 222.

The Court finds that this matter is suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After reviewing the parties' submissions and the record established in this action, the Court FINDS that Tom is not entitled to an award of attorneys' fees.  Accordingly, the Court RECOMMENDS that Tom's Motion be DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff Angelica J. Kauhako ("Plaintiff") alleged that Tom, an adult male special education student, sexually assaulted her daughter, Mariana Doe ("Mariana"), a special education student and minor, while under the care and supervision of the State BOE at Waianae High School.  *See* ECF No. 83 at 2.

On September 6, 2013, Plaintiff filed a Complaint against the State BOE; Nelson Shigeta ("Shigeta"), Principal of Waianae High School; and Kristin Lindquist ("Lindquist"), Mariana's Special Education teacher at Waianae High School (collectively, the "State Defendants") and alleged that Tom sexually assaulted Mariana in a school bathroom during class time. *See* ECF No. 219 at 3. Plaintiff asserted a Title IX claim and various state law claims against the State Defendants. *See* ECF No. 230 at 6.

Based on the allegations in the Complaint, the State Defendants filed a Third-Party Complaint against Tom seeking contribution from Tom in the event that there was a finding that Tom had sexually assaulted Mariana. *See* ECF No. 11. Tom's Motion to Strike or Dismiss the Third-Party Complaint was denied by this Court on July 11, 2014. *See* ECF No. 29.

On September 9, 2015, the Court dismissed all claims against Shigeta pursuant to pre-trial motions filed by the State Defendants. *See* ECF No. 83. Plaintiff's claims for premises liability and punitive damages against the State BOE were also dismissed. *Id.*

Trial commenced on April 8, 2016 against the State BOE under Title IX and against the State BOE and Lindquist for the following claims: (1) negligent supervision of students; (2) negligence; (3) gross negligence; (4) intentional

infliction of emotional distress ("IIED"); and (5) negligent infliction of emotional distress ("NIED").  *See* ECF No. 232 at 3.

On May 2, 2016, the jury found the State BOE and Lindquist liable for negligence, negligent supervision, and NIED.  *See* ECF No. 232 at 4.  The jury awarded the following damages: general damages in the amount of $157,500.00 to Plaintiff; general damages of $630,000.00 to Mariana; $2,825.00 for Mariana's past medical expenses; and $20,000 for her future medical expenses.  *Id.* at 4.  The jury found that the State BOE was ninety-five percent (95%) liable for Plaintiff's injuries and that Lindquist was five percent (5%) liable for her injuries.  *See* ECF No. 204.  The jury also found that Plaintiff failed to prove that Lindquist was motivated by malice.  *Id.*  As a result of this finding, the Court held that Lindquist was entitled to a state law qualified privilege and dismissed the three negligence-based claims against her with prejudice.  ECF No. 232 at 4.  The jury held that Tom was not liable for any of the claims raised in the Third-Party Complaint.  *See* ECF No. 204 at 12.

## DISCUSSION

The issue before the Court is whether Tom is entitled to attorneys' fees pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* or alternatively, under Hawaii Revised Statutes ("HRS") section 607-14.5.  Defendant argues that Tom is not

entitled to attorneys' fees under the IDEA because Plaintiff's claims and the claims in the Third-Party Complaint against Tom "had nothing to do with" the IDEA. *See* ECF No. 219 at 5. Defendant further argues that HRS section 607-14.5 does not apply because Tom has not met the "frivolousness" standard necessary to obtain fees under the statute. *Id.* at 7. For the reasons set forth below, this Court finds that Tom is not entitled to an award of reasonable attorneys' fees under the IDEA or HRS section 607-14.5.

A. <u>20 U.S.C. § 1415(i)(3) Does Not Apply to Tom's Claim for Fees</u>

Tom claims that he is entitled to attorneys' fees under the IDEA because (1) the State BOE breached its obligations under the IDEA to protect special education students Mariana and Tom, (2) that the breach of this obligation led to the events at issue in the underlying case, and (3) Tom is a prevailing party. *See* ECF No. 211-8 at 3. The State BOE argues that Tom's Motion should be denied because there was no "mention or reference to the IDEA nor any claims made pursuant to the IDEA" anywhere in Plaintiff's First Amended Complaint. ECF No. 219 at 5. The Court agrees with the State BOE's arguments and finds that Tom is not entitled to recover his attorneys' fees.

The purpose of the IDEA is to ensure that children with disabilities are given the opportunity for a free appropriate education to prepare them for further education, employment, and independent living. *See* 20 U.S.C. § 1400(d). The fee

provision under the IDEA that Tom relies upon permits attorneys' fees "[i]n any action or proceeding brought under this section," allowing a court to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3). The fee provision applies to a parent's IDEA claim brought to ensure that his or his child receives the appropriate education – not to any claim brought by a parent of a special needs child. *Id.* Accordingly, only a party who prevails on a claim covered by the IDEA is entitled to recover attorneys' fees under the statute.

Plaintiff's allegations against the State BOE and Lindquist did not include claims that Defendants violated the IDEA. Rather, Plaintiff proceeded to trial against the State BOE under Title IX and sought relief against both the State BOE and Lindquist for negligence-based and emotional distress tort claims. As the State BOE notes, "nowhere in Plaintiff's First Amended Complaint was there any reference to the IDEA nor [we]re any claims made pursuant to the IDEA. Moreover, [Tom], as a Third-Party Defendant, was defending a contribution claim contained in the Third-Party Complaint. Defending himself against the contribution claim has nothing to do with" the IDEA. ECF No. 219 at 5.

In addition, the cases that Tom relies upon in support of his motion, *P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165 (9th Cir. 2007) and *Parents of Student W v. Puyallup School District, No. 3*, 31 F.3d 1489 (9th Cir. 1994) do not support a

6

finding that Tom is entitled to fees under the IDEA.  Unlike the present case, those cases involved underlying claims seeking relief pursuant to the IDEA.

Tom suggests that the court's consideration of fees in *P.N. v. Seattle School Dist. No. 1* is instructive here because in *P.N.* the court reaffirmed the rule followed by the circuit that a party may seek fees under the IDEA's fee-shifting provision even where liability is "established outside the district court itself."  *See P.N.*, 474 F.3d at 1169.  The holding in *P.N.* does not apply to this matter because Tom is not entitled to relief under the IDEA under the facts of this case.  Tom argues that a finding of liability "outside the district court" also permits a finding of IDEA-authorized fee liability even where he has no claim under the IDEA itself.  This argument is inopposite to the controlling case law.  In *P.N.*, the court followed *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1025 (9th Cir. 2000) and held that a Plaintiff moving under the IDEA might ultimately proceed before a court for fees alone where the underlying IDEA claim had been otherwise resolved.  *Id.*  The matter here differs from *P.N.* in that Tom did not seek, nor claim entitlement to, relief under the IDEA.  *Id.*

Tom also cites *Parents of Student W v. Puyallup School District, No. 3* in support of his argument that he is entitled to fees under the IDEA.  31 F.3d 1489, 1498 (9th Cir. 1994).  *Parents of Student W* is inapplicable to this case because, as

in *P.N.*, plaintiffs brought an action against defendant school district under the IDEA. *Id.* at 1492. Here, the Plaintiff did not.

In sum, plaintiffs in *Parents* and *P.N.* brought claims under the IDEA whereas the Plaintiff here brought claims under Title IX and negligence-based and emotional distress tort claims. Because Plaintiff did not proceed under the IDEA, the two cases Tom cites are not applicable. For these reasons, the Court FINDS that Tom is not entitled to attorneys' fees under the IDEA.

B. Haw. Rev. Stat. Section 607-14.5

Tom also relies on HRS section 607-14.5 in support of his claim for attorney's fees. Tom claims that HRS section 607-14.5 applies because "the third-party claims are and always were frivolous, and there was no justification for filing and continuing to assert them through the course of this litigation." ECF No. 211-8 at 4. State BOE argues that HRS section 607-14.5 does not apply because "there has not been any finding by the court that any portion of the State's Third Party Complaint was frivolous." ECF No., 219 at 7. For the reasons that follow, the Court finds that Tom is not entitled to fees under HRS section 607-14.5.

"When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." *See Mason v. Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F. 3d 1056, 1060 (9th Cir. 2011). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be

awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Haw. 286, 305, 141 P.3d 459, 478 (Haw. 2006) (citation and quotation marks omitted); *DFS Group v. Paiea Props.*, 110 Haw. 217, 219, 131 P.3d 500, 502 (Haw. 2006) (quoting *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Haw. 243, 263, 990 P.2d 713, 733 (Haw. 1999) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement.")).

HRS section 607-14.5(a) provides that, in civil actions, the court may award a reasonable sum for attorney's fees, "upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)."  Subsection (b) details the necessary requirements for an award of attorneys' fees, including the requirement that "the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action."  *Id.*

In *Canalez v. Bob's Appliance Service Center, Inc.*, the Supreme Court of Hawaii defined a frivolous claim as a claim "so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the

court was not required." 89 Haw. 292, 303, 972 P.2d 295, 306 (Haw. 1999) (internal citations omitted).

A finding of frivolousness under the statute is a high bar; it is not enough that a claim be without merit, there must also be a showing of bad faith. *See Canalez,* 89 Haw. at 300, 972 P.2d at 303 (holding that in a personal injury action, even assuming that the plaintiff's counsel made untrue or inaccurate statements regarding the plaintiff's injuries, the claim was not deemed frivolous because there was no showing of bad faith); *Lee v. Hawaii Pac. Health,* 121 Haw. 235, 246–47, 216 P.3d 1258, 1269–70 (Haw. Ct. App. 2009) (holding that although the plaintiff's arguments were without merit, the commencement of the action was not frivolous because the plaintiff did not act in bad faith); *Tagupa v. VIP Desk*, 135 Haw. 468, 479–80, 353 P.3d 1010, 1021–22 (Haw. 2015).

Although Tom argues that the State BOE "never had any factual or legal basis" for filing claims against him, the District Court has made no finding that the claims against him were frivolous or made in bad faith. To the contrary, the District Court denied Tom's Motion to Strike or Dismiss the Third-Party Complaint and also denied his Motion for Judgment as a Matter of Law. *See* ECF No. 29. Thus, the District Court explicitly and implicitly demonstrated its determination that the claims against Tom were potentially viable. *See* ECF No. 191.

10

There is nevertheless no requirement in the statute that the Court make a specific finding during trial that a claim is frivolous, and the statute does not preclude this Court from making the finding on a motion for fees.  In fact, a survey of cases within this circuit reveals that courts make findings of frivolousness, or a lack thereof, at various stages, both at trial and on a motion for fees after trial.  In *Hoilien v. OneWest Bank*, 2013 WL 4039038, at *4 (D. Haw. 2013), defendants asserted that they were entitled to attorneys' fees and costs since the claims against them were frivolous.  Although the District Judge did not make a written finding that the Complaint was frivolous, the Magistrate Judge stated "the Court is unable to find that the claims in the SAC were manifestly and palpably without merit so as to indicate bad faith."  *Id*.  Based on that finding, the Court recommended that the defendants' request for attorneys' fees and costs under HRS section 607-14.5 be denied.  *See id.*; *see also Kersh v. Manulife Fin. Corp., et al*., 2011 WL 4729036 at *3 (D. Haw. 2011) (Magistrate Judge denying a motion for attorneys' fees under HRS section 607-14.5 because the court did not believe that the claims were so "manifestly and palpably without merit . . . as to indicate bad faith"); *Algal Partners v. Santos*, 2014 WL 7420442, at *2-3 (D. Haw. 2014).

In this case, the State BOE filed a Third-Party Complaint against Tom because the State was defending its conduct in relation to the alleged acts committed by Tom against Mariana.  Even though the jury ultimately found that

Tom was not liable to Plaintiff, there is no showing that the State Defendants' claims were frivolous or made in bad faith. Based on the facts and arguments regarding the substance of the claims asserted in the Third-Party Complaint, this Court is unable to find that those claims were manifestly and palpably without merit so as to indicate bad faith or frivolousness.

The Court also notes that the cases Tom cites in support of his Motion under HRS section 607-14.5 rely on statutes that do not apply here. For example, Tom improperly relies on *Anderson v. Gold Seal Vineyards*, 81 Wash.2d 863 (Wash. 1973), in which the Washington Supreme Court "upheld an award of fees and costs to a prevailing third-party defendant that was brought into the litigation for alleged claims of indemnification." ECF No. 211-8 at 3. The issue in that Washington state case, however, concerned the allowance of costs under Washington state "long-arm statute," Revised Code of Washington 4.28.185, not HRS section 607-14.5, which specifically dictates the standard for awarding fees.

Tom also relies upon *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (Haw. 1976) and *Koga v. Eastern Savings Bank, et al.*, 2014 WL 1660602 in support of his argument that a party whose conduct caused a third party to incur costs and fees is liable for attorneys' fees. Neither of those cases rely on HRS section 607-14.5. Instead, both cases cite as authoritative a hornbook that discusses general fee-shifting rules as demonstrated by a number of cases in multiple jurisdictions.

12

*See generally*, Speiser, Attorneys' Fees, § 13:4 (1973).  Significantly, in both of the cited cases, the third parties had no knowledge of the defendants' conduct and they were brought into the litigation without adequate notice, having incurred significant costs without justification.  Here, the State Defendants' claims for contribution against Tom, though not successful, were not considered frivolous under HRS section 607-14.

Neither this Court nor the District Court have made findings that establish that the claims were frivolous or made in bad faith.  Accordingly, the Court FINDS that fees are not appropriate under HRS section 607-14.5.  The Court therefore RECOMMENDS that Tom's request for attorneys' fees and costs under HRS section 607-14.5 be DENIED.

## CONCLUSION

For the foregoing reasons, the Court FINDS that Tom is not entitled to fees and RECOMMENDS that the District Court deny the Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, October 20, 2016.



   /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Kauhako v. State of Hawaii Board of Education Department of Education, et al.*, CV 13-00567 DKW-KJM; Findings and Recommendation to Deny Third-Party Defendant Tom's Motion for Attorneys' Fees