IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, MARIANA DOE, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, NELSON SHIGETA, individually and as principal of Waianae High School, KRISTIN LINDQUIST, individually and as Care coordinator of Waianae High School, DOE DEFENDANTS 1-10, <br><br> Defendants. | Civil No. 13-00567 DKW-KJM <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF ANGELICA J. KAUHAKO'S BILL OF COSTS |

STATE OF HAWAII BOARD OF
EDUCATION DEPARTMENT OF
EDUCATION, NELSON SHIGETA,
individually and as principal of
Waianae High School, KRISTIN
LINDQUIST, individually and as
Care coordinator of Waianae High
School, DOE DEFENDANTS 1-10,

Third-Party Plaintiffs,

vs.

RUSTON TOM; DOE
DEFENDANTS 1-10,

Third-Party Defendants.

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF ANGELICA J. KAUHAKO'S BILL OF COSTS

Plaintiff Angelica J. Kauhako ("Kauhako" or "Plaintiff") filed a Bill of Costs ("Motion" or "Bill of Costs") on May 22, 2016. *See* ECF No. 209. Defendant State of Hawaii Board of Education Department of Education ("State BOE" or "Defendant") filed its Opposition to a portion of the request for costs on May 27, 2016. ECF No. 213. Kauhako filed a Reply on June 10, 2016. ECF No. 220.

After review of the parties' submissions and the record below, the Court FINDS and RECOMMENDS that Plaintiff's Bill of Costs be GRANTED in part and DENIED in part. The Court RECOMMENDS that the District Court award Kauhako $12,870.91 in costs for the reasons set forth below.

## BACKGROUND

Plaintiff alleged that Ruston Tom ("Tom"), an adult male special education student, sexually assaulted her daughter, Mariana Doe ("Mariana"), a special education student and minor, while under the care and supervision of the State BOE at Waianae High School. *See* ECF No. 83 at 2.

On September 6, 2013, Plaintiff filed a Complaint in the First Circuit Court of the State of Hawaii against State BOE; Nelson Shigeta ("Shigeta"), Principal of Waianae High School; and Kristin Lindquist ("Lindquist"), Mariana's special education teacher at Waianae High School (collectively, "State Defendants").

2

Plaintiff alleged that Tom sexually assaulted Mariana in a school bathroom while she was in Lindquist's class and under the care and supervision of State Defendants.  *See* ECF No. 1-1.  Plaintiff asserted a Title IX claim and various state law claims against State Defendants.  *Id*.  On October 29, 2016, State Defendants filed a Notice of Removal, removing the case to this Court.  ECF No. 1.

State Defendants filed a Third-Party Complaint against Tom seeking contribution in the event that Plaintiff prevailed on the Complaint.  *See* ECF No. 11.  Tom filed a Motion to Strike or Dismiss the Third-Party Complaint on April, 4, 2014, and the District Court denied his motion on July 11, 2014.  *See* ECF Nos. 23, 29.

State Defendants filed a Motion for Partial Judgment on the Pleadings ("MPJOP") on December 10, 2014.  ECF No. 37.  The Court issued an Order Granting in Part and Denying in Part State Defendants' MPJOP on February 3, 2015.  ECF No. 45.

State Defendants filed a Motion for Summary Judgment on June 11, 2015. ECF No. 63.  On September 9, 2015, the Court issued an Order Granting in Part and Denying in Part State Defendants' Motion.  ECF No. 83.  By way of this Order, the Court dismissed all claims against Shigeta and dismissed Plaintiff's claims for premises liability and punitive damages against the State BOE.  *Id.*

Trial commenced on April 8, 2016 against the State BOE under Title IX and against the State BOE and Lindquist for the following claims: (1) negligent supervision of students; (2) negligence; (3) gross negligence; (4) intentional infliction of emotional distress ("IIED"); and (5) negligent infliction of emotional distress ("NIED").  *See* ECF No. 232 at 3.

On April 22, 2016, the State BOE and Lindquist orally moved for Judgment as a Matter of Law at the conclusion of Plaintiff's case-in-chief.  *See* ECF No. 172.  The Court granted the motion as to Plaintiff's individual claim for NIED, but denied the motion as to all other claims raised in the Complaint.  *Id.*  On April 24, 2016, Plaintiff filed a Motion to Set Aside or for Reconsideration on the Court's Order Granting in Part Defendants' Motion for  Judgment as a Matter of Law as to Plaintiff's NIED claim.  ECF No. 176.  On April 26, 2016, the Court granted Plaintiff's motion.  ECF No. 182.

Trial concluded on April 28, 2016.  ECF No. 191.  On May 2, 2016, the jury found the State BOE and Lindquist liable for negligence, negligent supervision, and NIED.  *See* ECF No. 204.  The jury awarded the following damages: general damages in the amount of $157,500.00 to Plaintiff; general damages of $630,000.00 to Mariana; $2,825.00 for Mariana's past medical expenses; and $20,000 for her future medical expenses.  *Id.* at 4.  The jury found that the State BOE was ninety-five percent (95%) liable for Plaintiff's injuries and that Lindquist

4

was five percent (5%) liable for her injuries.  *See* ECF No. 204 at 12.  The jury also found that Plaintiff failed to prove that Lindquist was motivated by malice.  *Id.* at 11.  As a result of this finding, the Court held that Lindquist was entitled to a state law qualified privilege and dismissed the three negligence-based claims against her with prejudice.  ECF No. 207.  The jury held that Tom was not liable for any of the claims raised in the Third-Party Complaint.  *See* ECF No. 204 at 12.

## DISCUSSION

The Federal Rules of Civil Procedure ("FRCP") provide that costs, other than attorney's fees, should be granted to a prevailing party unless a federal statute, the FRCP, or a court order provide otherwise.  Fed. R. Civ. P. 54(d)(1).  There is a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why costs should not be awarded.  *Id.*; *see also National Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1471–72 (9th Cir. 1995); *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

The United States Supreme Court has held that the definition of a "prevailing party" under the FRCP is a party who succeeds on any significant issue in the case and achieves benefit from the litigation.  *See Buckhannon Bd. & Care Home, Inc. v. W. Vir. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

The State BOE does not dispute that Plaintiff is the prevailing party.  Plaintiff prevailed on three of her six claimed causes of action against the State BOE and Lindquist.  The jury held the State BOE and Lindquist liable for negligence, negligent supervision, and NIED, but denied Plaintiff's claims under Title IX and for IIED and gross negligence.  Plaintiff prevailed on three significant and substantive claims against the State BOE and Lindquist.  Therefore, this Court finds that Plaintiff meets the definition of a prevailing party under FRCP 54(d)(1) and is entitled to recover her costs.

Although Plaintiff did not prevail on all of her claims, it is not necessary to exclude these costs because there is no rule requiring courts to apportion taxable costs based on the relative success of the parties.  *See Kemin Foods v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006).  Costs shall not be apportioned unless in specific circumstances, for example, when the costs are significantly disproportionate to the relief obtained.  *Id.* (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.101[1][b] (3d ed. 2006)).  The Court finds that the amount of costs relative to Plaintiff's damage award does not warrant apportionment.

Pursuant to Local Rule 54(c), "the Bill of Costs must state separately and specifically each item of taxable costs claimed.  It must be supported by memorandum setting forth the grounds and authorities supporting the request and

6

an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law."  A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987), *superseded on other grounds,* 42 U.S.C. § 1988(c).  Courts, however, "are free to interpret what constitutes taxable costs."  *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

Section 1920 enumerates the following taxable costs:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although the State BOE did not object to all of the specific items in Plaintiff's Bill of Costs, insofar as the district court cannot tax costs beyond those enumerated in § 1920, *see Crawford Fitting,* 482 U.S. at 441–42, this Court must review Plaintiff's Bill of Costs to determine if the items requested are taxable.

In making its assessment, the Court notes that the State BOE does not oppose Plaintiff's requests for the following: (1) $500.00 for fees of the Clerk; (2) $137.18 for fees for service of summons; and (3) $214.00 for witness fees for Dean Shimada, Joann DeCambra, Ryan Espiritu, Dr. Wayne Lee, and Dr. Rachel Lynch. *See* ECF No. 213 at 5. The State BOE specifically objected to Plaintiff's requests for: (1) Fees for printed or electronically recorded transcripts; (2) Fees for printing; (3) Witness Fees; (4) Fees for Professional Images; and (5) "Other Costs." *Id.*

Plaintiff seeks costs in the amount of $15,034.12[1] which are enumerated in the following categories:

| | |
|---|---|
| *Fees of the Clerk* | $500.00 |
| *Fees for Service of Process and Service of Subpoenas* | $137.18 |

*Fees for Printed or Electronically Recorded Transcripts*

|  |  |
|---|---|
| 1. Lindquist | $753.24 |
| 2. Dr. Wayne Lee ("Dr. Lee") | $328.69 |
| 3. Joann DeCambra ("DeCambra") | $636.23 |
| 4. Nelson Shigeta ("Shigeta") | $694.20 |
| 5. Dean Shimada ("Shimada") | $433.21 |
| 6. Patricia Sofa ("Sofa") | $291.27 |
| 7. Kauhako (Vols. I & II) | $924.61 |
| 8. Rachel Lynch ("Dr. Lynch") | $930.26 |
| 9. Mariana | $352.88 |
| 10. John Kauhako ("J. Kauhako") | $290.58 |

---

[1] After reviewing the itemized list of costs, the Court finds that the Plaintiff incorrectly summed the requested items. The correct sum is $15,034.12, not $13,664.12.

11. Shimada's Trial Transcript                    $721.26
12. Transcripts of HPD records (redacted)         $343.93
13. Transcripts of HPD records (unredacted)       $408.49

    TOTAL                                     $7,108.85

*In-House Printing Costs*
    3,929 copies at $0.15 page                $596.85

*Witness Fees*
1.  Lindquist                                     $43.00
2.  Shimada                                       $43.00
3.  Shigeta                                       $43.00
4.  Sofa                                          $43.00
5.  DeCambra                                      $43.00
6.  Ryan Espiritu ("Espiritu")                   $43.00
7.  Espiritu (second time - rush)                $43.00
8.  Elizabeth Rocket ("Rocket")                  $43.00
9.  Dr. Lee                                       $43.00
10. Dr. Lynch                                     $43.00
11. Travis Hong ("Hong")                         $43.00
12. Leah Heinchon ("Heinchon")                   $43.00
13. Michelle Paguyo ("Paguyo")                   $43.00
14. Shari Dela Cuadra-Larsen                      $43.00
    ("Dela Cuadra-Larsen")

    TOTAL                                     $602.00

*Professional Images Charges*                     $1,923.43

*Other Costs*

Dr. Lee's Billing Statement for Trial Testimony   $1,370.00
Certified Legal Video Services                    $2,795.81

    TOTAL                                     $4,165.81[2]

---

[2] In the "Other Costs" category, Plaintiff appears to have incorrectly summed the costs for Dr. Lee's Billing Statement for Trial Testimony and Certified Legal

GRAND TOTAL                                        $15,034.12

The Court's findings and recommendations as to the Plaintiff's Bill of Costs

are as follows:

A.   Fees of the Clerk

Fees of the clerk are taxable pursuant to 28 USC § 1920(1).  Plaintiff

provided proof to the Court that she paid a $500.00 fee to file the Complaint.  *See*

ECF No. 209-1 at 12, 209-5.  The State BOE does not object to Plaintiff's request

for fees of the Clerk.  *See* ECF No. 213 at 5.  Plaintiff was required to pay the

filling fee to initiate this action and the Court therefore FINDS that it is an

allowable cost pursuant to § 1920(1).  The Court RECOMMENDS that the District

Court GRANT Plaintiff's request for fees of the Clerk.

B.   Fees for Service of Process and Service of Subpoenas

"Fees for the service of process and service of subpoenas by someone other

than the marshal are allowable, to the extent they are reasonably required and

actually incurred."  LR54.2(f)(1).

Plaintiff requests costs for the service of process of the Complaint upon the

State Defendants, State BOE, Shigeta, and Lindquist, in the sum of $137.18.  *See*

ECF No. 209-1 at 12.  Kauhako submitted supporting documentation for this

---

Video Services.  *See* Exhibit 7, ECF No. 209-11.  The correct sum is $4,165.81,
not $2,795.81.

request.  *See* ECF No. 209-6.  The State BOE does not object to Plaintiff's requests for fees for service of process and service of subpoenas.  *See* ECF No. 213 at 5.

Kauhako was legally required to serve the Complaint and Summons upon the State Defendants and proved she paid for this expense.  The Court FINDS that the fees for service of summons and subpoenas are allowable costs. The Court therefore RECOMMENDS that the District Court GRANT Plaintiff's request for fees for service of process and service of subpoenas.

C.   Fees for Printed or Electronically Recorded Transcripts

Plaintiff requests $7,108.85 for various transcripts obtained during the litigation of the case.  *See* ECF No. 209-1 at 12.  Kauhako's transcript costs consist of the following:

| Date Incurred | Description | Amount |
| --- | --- | --- |
| 2/12/16 | Lindquist | $753.24 |
| 5/27/15 | Dr. Lee | $328.69 |
| 4/27/15, 5/11/15 | Kauhako | $924.61 |
| 5/29/15 | Dr. Lynch | $930.26 |
| 8/26/15 | J. Kauhako | $290.58 |
| 3/29/16 | HPD Records (redacted) | $343.93 |
| 2/18/16 | DeCambra | $636.23 |
| 2/17/16 | Shigeta | $694.20 |
| 2/17/16 | Shimada | $433.21 |

| 2/18/16 | Sofa | $291.27 |
|---------|------|---------|
| 5/11/15 | Mariana | $352.88 |
| 4/20/16 | Shimada's Trial Testimony | $721.26 |
| 5/03/15 | HPD Records (unredacted) | $408.49 |
| | TOTAL | $7,108.85 |

Section 1920(2) allows for the costs of court reporter fees for transcripts necessarily obtained for use in a case.  The Local Rules also provide for these costs:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

LR54.2(f)(2).

Plaintiff included invoices for each of the transcript orders.  *See* ECF No. 209-7.  Plaintiff's counsel asserts that they relied upon transcripts for Lindquist, DeCambra, Shigeta, Shimada, Sofa, Kauhako, Mariana, J. Kauhako, Dr. Lee, and Dr. Lynch to prepare for trial and for preparation for direct and cross-examination.  *See* ECF No. 220 at 6.  Plaintiff also asserts that during direct and cross-examination of these witnesses, Plaintiff was required to rely on the transcripts to develop testimonial evidence critical to Plaintiff's case.  *Id.*

The State BOE's objection to the costs of all the requested transcripts, as well as its objections to the cost of obtaining records from the HPD are based on its claim that Plaintiff has not met the requirements of Local Rule 54.2 sections (c) and (f)(2).  The State BOE argues that Plaintiff's Memo in support of her request for costs makes only the conclusory statement that "Plaintiff was [sic] reasonably and necessarily incurred fees for printed or electronically recorded transcripts necessarily obtained for use in the case and at trial."  ECF No. 213 at 6.

Pursuant to the requirements of the Local Rules, the Court makes the following findings with respect to each transcript:

    1.  Kristin Lindquist

Kristin Lindquist is a defendant in this case and testified at trial on April 19, 2016.  *See* ECF No. 169.  Plaintiff claims that she relied on the transcript to impeach Lindquist's credibility with her inconsistent deposition testimony.  *Id*.  Plaintiff also avers that she relied on Lindquist's transcript to draft her Motions in Limine and Memorandum in Opposition to Defendants' Motions in Limine.  *Id.*

Because (i) Lindquist was one of the defendants in this case and (ii) Plaintiff used her transcript for trial preparation and to conduct direct and cross-examination, Plaintiff necessarily obtained Lindquist's transcript for use in the case.  The Court therefore FINDS that the request for the cost of Lindquist's

transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Lindquist's transcript.

### 2.  Dr. Wayne Lee

Dr. Lee was the physician who examined and tested Mariana at the Sex Abuse Treatment Center ("SATC").  *See* ECF No. 200 at 6.  Dr. Lee testified at trial on April 21, 2016.  *See* ECF No. 171.  Plaintiff conducted a deposition of Dr. Lee on May 27, 2015 and provided the Court with proof that she paid for the cost of the transcript.  *See* ECF No. 209-7 at 7.

Plaintiff asserts that during direct and cross-examination of this witness, Plaintiff referred to the transcripts to develop testimonial evidence critical to the case and that she used Dr. Lee's transcript to draft Plaintiff's Motions in Limine and Memorandum in Opposition to Defendants' Motions in Limine.  *Id.*

Insofar as Dr. Lee was Mariana's physician, Plaintiff necessarily obtained and reasonably expected to use Dr. Lee's transcript for trial preparation.  The Court therefore FINDS that the request for the cost of Dr. Lee's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Dr. Lee's transcript.

### 3.  Angelica Kauhako

Kauhako is the plaintiff in this case and Mariana's mother.  *See* ECF No. 200 at 2.  Kauhako testified at trial on April 20 and 21, 2016.  *See* ECF No. 170,

171.  Plaintiff asserts that she relied extensively on her own transcripts as part of pretrial preparation, as well as trial preparation for direct and cross-examination.  *See* ECF No. 220 at 6.

As plaintiff in the case and a witness at trial, the Court FINDS that Plaintiff necessarily obtained and reasonably expected to use the deposition transcript of Kauhako for trial preparation.  The Court therefore RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Kauhako's transcript.

### 4.  Dr. Rachel Lynch

Dr. Lynch was Mariana's counselor and according to Plaintiff, Dr. Lynch communicated with Mariana after the sexual assault.  *See* ECF No. 200 at 7.  Dr. Lynch testified at trial on April 22, 2016.  *See* ECF No. 172.  Plaintiff asserts that Plaintiff used Dr. Lynch's transcript to draft her Motions in Limine and Memorandum in Opposition to Defendants' Motions in Limine.  *Id.*

Because (i) Dr. Lynch was Mariana's counselor at the time Mariana reported her claim of sexual assault, and (ii) Dr. Lynch was a witness at trial, Plaintiff necessarily obtained and reasonably expected to use Dr. Lynch's deposition transcript for trial preparation.  The Court therefore FINDS that the request for the cost of Dr. Lynch's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Dr. Lynch's transcript.

5.   John Kauhako

J. Kauhako is Mariana's step-father, and he testified at trial on April 21, 2016.  *See* ECF No. 171.  According to Plaintiff, J. Kauhako had intimate knowledge of Mariana's mental and physical condition before and after her report of sexual assault.  *See* ECF No. 200 at 2.  Plaintiff contends that she extensively relied upon the transcript for J. Kauhako as part of pretrial preparation as well as trial preparation for direct and cross-examination.  *See* ECF No. 220 at 6.

Because J. Kauhako was a witness at trial and had relevant knowledge of Mariana's mental and physical state, Plaintiff necessarily obtained and reasonably expected to use J. Kauhako's deposition transcript for trial preparation.  The Court therefore FINDS that the request for the cost of J. Kauhako's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of J. Kauhako's transcript.

6.   Joann DeCambra

DeCambra was an Education Assistant in Mariana's class and according to Plaintiff, had knowledge of the circumstances surrounding Mariana's sexual assault.  *See* ECF No. 200 at 4-5.  DeCambra testified on April 19, 2016.  *See* ECF No. 169.  The State BOE objects to this request, arguing that although DeCambra testified at trial, her testimony was short and limited to the information provided in her declaration.  *See* 213 at 7.  The State BOE further argues that Plaintiff has not

16

substantiated that Ms. DeCambra's deposition was taken for use for trial preparation, rather than mere discovery.  *Id.*

Plaintiff asserts that during direct and cross-examination of this witness, Plaintiff referred to the transcripts to develop testimonial evidence critical to Plaintiff's case.  *Id.*  Plaintiff also claims that she used DeCambra's transcript to draft her Motions in Limine and Memorandum in Opposition to Defendants' Motions in Limine.  *Id.*

Because DeCambra was a witness at trial and according to Plaintiff, a person with relevant knowledge of the sexual assault, Plaintiff necessarily obtained and reasonably expected to use DeCambra's deposition transcript for trial preparation.  The Court therefore FINDS that the request for the cost of DeCambra's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost DeCambra's transcript.

### 7.  Nelson Shigeta

Shigeta was the Principal of Waianae High School at the time of Mariana's report of sexual assault.  *See* ECF No. 200 at 6.  Shigeta testified at trial on April 20, 2016.  *See* ECF No. 170.  The State BOE objects to this request because the Court dismissed all claims against Shigeta on September 9, 2015, five months before his deposition was taken on February 17, 2016.  *See* ECF No. 213 7-8.  In

addition, the State BOE argues that Plaintiff's April and May 2015 deposition testimony made clear that she had no claims against Shigeta.  *Id.*

Although the Court granted summary judgment as to all claims against Shigeta before the deposition was taken, the Court nevertheless FINDS that his deposition was necessary to prepare for his testimony at trial and therefore, was necessarily obtained and reasonably expected to be used for trial preparation.  The Court therefore RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Shigeta's transcript.

8.  Dean Shimada

Shimada was the Vice Principal of Waianae High School and according to Plaintiff, communicated with Mariana, her classmates, and staff after Mariana reported her claim of sexual assault.  *See* ECF No. 200 at 5.  Shimada testified at trial on April 22, 2016.  *See* ECF No. 172.  The State BOE objects to this request because in June 2015, Mr. Shimada's detailed declaration was submitted with the State Defendants' Motion for Summary Judgment.  *See* ECF No. 213 at 8.  The State BOE further argues that Plaintiff has not substantiated that Mr. Shimada's deposition was taken for trial preparation, rather than mere discovery.  *Id.*

Plaintiff asserts that she used Shimada's transcript to impeach his credibility with prior inconsistent statements.  *Id.*  Plaintiff further asserts that Plaintiff used

Shimada's transcript to draft her Motions in Limine and Memorandum in

Opposition to Defendants' Motions in Limine.  *Id.*

Because (i) Shimada testified at trial and (ii) Plaintiff relied on Shimada's

transcripts to draft her Motions in Limine, Plaintiff necessarily obtained and

reasonably expected to use Shimada's deposition transcript for trial

preparation.  The Court therefore FINDS that the request for the cost of Shimada's

transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the

District Court GRANT Plaintiff's request for the cost of Shimada's transcript.

9.  Patricia Sofa

Sofa was an Education Assistant in Mariana's class.  She testified for the

Defendant on April 27, 2016.  *See* ECF No. 200 at 4 and 186.  The State BOE

objects to this request because in June 2015 Sofa's detailed declaration was

submitted with the State Defendants' Motion for Summary Judgment.  *See* ECF

No. 213 at 8.  The State BOE further argues that Plaintiff has not substantiated that

Sofa's deposition was taken for trial preparation, rather than mere discovery.  *Id.* at

8-9.

Plaintiff contends that Plaintiff extensively relied upon the transcript for

Sofa as part of pretrial preparation as well as trial preparation for direct and cross-

examination.  *See* ECF No. 220 at 6.  Plaintiff further asserts that Plaintiff used

Sofa's transcript to draft her Motions in Limine and Memorandum in Opposition to Defendants' Motions in Limine.  *Id.*

Because (i) Sofa was a defense witness at trial and (ii) Plaintiff used Sofa's transcript to prepare her Motions in Limine, Plaintiff necessarily obtained and reasonably expected to use Sofa's deposition transcript for trial preparation.  The Court therefore FINDS that the request for the cost of Sofa's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Sofa's transcript.

      10.  Mariana Doe

Mariana is Plaintiff's daughter.  *See* ECF No. 1-1.  The State BOE objects to the request for the cost of Mariana's transcript because Plaintiff did not call Mariana to testify at trial and for that reason, the State BOE states that "it is clear that her deposition transcript was not used for trial preparation."  ECF No. 213 at 9.  The State BOE further objects because Plaintiff did not submit a receipt for this deposition.  *Id.*  Plaintiff states that the receipt for Mariana's transcript is included in the document dated May 26, 2015, on pg. 10 of Exhibit 3.  *See* ECF No. 220 at 7.

Although Mariana did not testify at trial, as Plaintiff's daughter and the victim of the sexual assault which is the subject of this case, Plaintiff necessarily obtained and reasonably expected to use Mariana's deposition transcript for trial

preparation.  In addition, the Court has reviewed pg. 10 of Exhibit 3.  The document is the receipt for Mariana's deposition transcript and Volume II of Kauhako's deposition transcript.  *See* ECF No. 209-7 at 10.  The Court therefore FINDS that the request for the cost of Mariana's transcript meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Mariana's transcript.

    11.  Dean Shimada's Trial Testimony

Plaintiff requests $721.26 for the transcript of Shimada's trial testimony.  ECF No. 209-7 at 1.  Shimada was the Vice Principal of Waianae High School, and he testified at trial on April 20, 22, and 25, 2016.  *See* ECF Nos. 200 at 5, 170, 172, and 178.

The charge requested includes the cost of the transcript for Plaintiff's Opening Statement at trial and the transcript for the Court's ruling on the State's Rule 50 motion made after Plaintiff rested.  *See* ECF No. 209-7 at 12.  An original copy of Shimada's Trial Testimony, Plaintiff's Opening Statement, and the Court's ruling on the State Defendants' Rule 50 Motion totals 120 pages and costs $582.00.  *Id.*  A copy of the transcript of Shimada's Trial Testimony totals 89 pages and costs $106.80.  *Id.*  Together, the transcripts cost $688.80.  *Id.*  Plaintiff was taxed $32.40 for the transcripts.

The State BOE objects to this request, arguing that the requested amount is incorrect because it includes Plaintiff's Opening Statement and the Court's ruling on the State Defendants' Rule 50 Motion.  *See* ECF No. 213 at 9.  The State BOE further objects to this request on the basis that there was an unspecified "surcharge" for part of this transcript.  *Id.*

Plaintiff asserts that the trial transcript of Shimada was necessary to assist Plaintiff to prepare for Shimada's cross-examination when he was to take the stand a second time in Defendant's case-in-chief (after he had been called previously by Plaintiff in her case-in-chief).  *See* ECF No. 220 at 7.  Plaintiff states it was necessary to obtain Shimada's trial transcripts to prepare for his cross-examination when he testified a second time.  *Id.*

Because Shimada testified for the Plaintiff and Defense, Shimada's transcript was reasonably necessary for Plaintiff to prepare for Shimada's cross-examination in Defendant's case-in-chief.  For that reason, the Court finds that the transcript of Shimada's trial testimony is a taxable cost, but that the transcripts of Plaintiff's Opening Statement and the Court's Ruling on Rule 50 motion are not.  The Defendant does not identify the "surcharge" to which it objects, nor does the Court see any "surcharge" on the Exhibit.  *See* ECF No. 209-7 at 12. Therefore, exercising its discretion under Local Rule 54(d), this Court FINDS that there is no compelling reason to deny this cost.  This Court therefore FINDS that

only Shimada's trial testimony (original and copy), including the surcharge, is taxable against Defendant.[3]   The Court RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of Shimada's trial transcript and DENY Plaintiff's request for the cost of the transcripts for Plaintiff's Opening Statement and the Court's Ruling on the Rule 50 motion.

    12.  HPD Records (redacted)

    Plaintiff requests the costs for the redacted copies of the HPD records relating to her case.  *See* ECF No. 209-7 at 1.  Plaintiff asserts that she extensively relied upon these records as part of her pretrial preparation as well as trial preparation for direct and cross-examination.  *See* ECF No. 220 at 6.  The State BOE objects to the redacted HPD records as Plaintiff has not met the requirements of Local Rule 54.2(c) and 54.2(f)(2).  *See* ECF No. 213 at 5.

    Because Plaintiff relied on these records for pretrial and trial preparation, the Plaintiff necessarily obtained and reasonably expected to use the redacted HPD transcript records for trial preparation.  The Court therefore FINDS that the request for the cost of the redacted HPD records meets the requirements of Local Rule 54.2 and RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of the redacted HPD records.

---

[3] The Court finds that Plaintiff is entitled to: (1) $431.65 for the cost of the original transcript (89 pages at $4.85/page); (2) $106.80 for the copy of the transcript; and (3) $32.40 in taxes.  The total sum equals $570.85.

13.  HPD Records (Unredacted)

Plaintiff requests the costs for the unredacted copies of the HPD records relating to her case.  *See* ECF No. 209-7 at 1.  The State BOE objects to this request because Plaintiff only used one document, consisting of three pages, out of this complete record.  *See* ECF No. 213 at 9.  The State BOE further objects because Plaintiff already had redacted copies of this complete set of records.  *Id.*

Plaintiff asserts that she ordered the records transcript from the HPD (Transcripts 12 and 13) twice.  *See* ECF No. 220 at 7.  These records included the 252-Statement that Lindquist had prepared on the day of the incident and color photographs of the community bathroom taken by HPD, which were not produced by HPD in response to the first subpoena duces tecum.  *Id.*  Plaintiff further argues that Lindquist's 252-statement contained a number of inconsistent statements, which Plaintiff used to impeach Lindquist.  *Id.*  In addition, Plaintiff states that at trial she used the color photographs, which included images of the bathroom signage and the interior of the bathroom.  *Id.* at 7-8.

Because Plaintiff used the unredacted records during trial, Plaintiff necessarily obtained and reasonably expected to use the unredacted HPD transcript records for trial preparation.  The Court therefore FINDS that the request for the cost of the unredacted HPD records meets the requirements of Local Rule 54.2 and

RECOMMENDS that the District Court GRANT Plaintiff's request for the cost of the unredacted HPD records.

D. Fees for Printing

Section 1920(4) allows costs for copies necessarily obtained for use in the case. Local Rule 54.2(f)(4) states that internal copying costs may be taxed at up to $0.15 per page and that external copying costs may be awarded if reasonable. Copies made for the use or convenience of the requesting party or counsel are not taxable. LR54.2(f)(4).

Plaintiff requests $596.85 for 3,979 copies made at $0.15 per copy. Plaintiff's printing expenses consist of copies of "pleadings, motions, and related court papers." *See* ECF No. 209-8. Plaintiff did not provide invoices for these items. Plaintiff did however, provide a table identifying the document, number of copies, and number of pages of all copies made by counsel in-house. *Id.* Plaintiff states that these costs were necessarily incurred "during the pretrial and trial phases of this case." ECF No. 209-1.

The State BOE argues that Plaintiff has not met the requirements of Local Rule 54.2(f)(4). Specifically, the State BOE claims that Plaintiff has provided no justification to support an award of copying costs and has failed to provide the use of or intended purpose for all items copied. Specifically, the State BOE objects to Plaintiff's reimbursement claim for: (1) nine copies of the Complaint, Demand for

Jury Trial, Summons, (collectively, "Complaint") and for the First Amended

Complaint ("FAC"); (2) two copies of Third-Party Defendant Tom's Motion to

Strike Third-Party Complaint ("Tom's Motion to Strike"); and two copies of the

State Defendants' Opposition to the Motion to Strike ("State's Opposition to

Motion"); and (3) 21 copies of Plaintiff's Trial Exhibit List (collectively, "State's

Printing Objections").

Plaintiff states that nine copies of the Complaint and FAC were necessary.

*See* ECF No. 220 at 9.  Plaintiff specifically states that she provided the original

and one copy of each to the Court, four copies to each of the three State

Defendants and the Department of the Attorney General, State of Hawaii, pursuant

to Rules 4(d)(4) and (5) of the Hawaii Rules of Civil Procedure, and three copies

for Plaintiff's counsel.  *Id.*  Plaintiff explains that two copies each of Tom's

Motion to Strike and the State's Opposition to the Motion "were made to keep one

in the formal pleadings file and to use the other copy as a working copy for counsel

to review and use as a reference."  *See* ECF No. 220 at 10.  Finally, Plaintiff states

that she made 21 copies of Plaintiff's five-page Plaintiff's Trial Exhibit List

("List") as a result of the changes made to the List each time an additional exhibit

or additional exhibits were added to the List.  *Id.*  After each revision of the List,

Plaintiff explains, she submitted a copy to the Court, Defendant State, Third-Party

Party Defendant Tom, and Plaintiff, to update Plaintiff's Trial Exhibit

Binders. *See* ECF No. 220 at 10-11.

With respect to the State's Printing Objections, the Court finds that only a

portion of Plaintiff's requests are allowable. First, Plaintiff requested 144 pages

for nine copies of the 16-page Complaint and 162 pages for nine copies of the 18-

page FAC. *See* ECF No. 209-8 at 1. Plaintiff is only entitled to costs for six

copies each of the Complaint and FAC. Three of the copies of the Complaint and

FAC are not reimbursable because they were "printed for the use and convenience

of counsel." The Court FINDS that only 96 pages of the 144 pages requested for

making copies of the Complaint are reimbursable. [4] Thus, the Court

RECOMMENDS that 48 pages be deducted from Plaintiff's request. [5] The Court

also FINDS that only 108 pages of the 162 pages requested for making copies of

the FAC are reimbursable. [6] Thus, the Court RECOMENDS that 54 pages be

deducted from Plaintiff's request. [7]

---

[4] The Complaint contained 16 pages. *See* ECF No. 209-8 at 1. Because Plaintiff is only entitled to costs for six copies, 96 pages are reimbursable (16 x 6 = 96).

[5] Plaintiff requested 144 pages. Because only 96 pages are reimbursable, the Court recommends reducing the requested number of pages by 48 pages (144-96 = 48).

[6] The FAC contained 18 pages. *See* ECF No. 209-8 at 1. Because Plaintiff is only entitled to costs for six copies, 108 pages are reimbursable (18 x 6 = 108).

Second, the two copies of Tom's Motion to Strike and two copies of the

State's Opposition to the Motion are not reimbursable because they were printed

for the use and convenience of counsel.  The Court therefore FINDS that the 140

pages requested for printing Tom's Motion to Strike and the State's Opposition to

the Motion are not reimbursable.  *See* ECF No. 209-8 at 1.

Third, Plaintiff requests 105 pages for 21 copies of Plaintiff's five-page Trial

Exhibit List.  *See* ECF No. 209-8 at 3.  Plaintiff explains that she made four copies

of the five-page List for the Court, State BOE, Tom, and Plaintiff, each time

Plaintiff prepared a new version of the List.  *See* ECF No. 220 at 10-11.  The

Court, however, is unable to determine why Plaintiff made 21 copies of the List.  If

the number of versions created equals the total number of copies made divided by

the four groups given copies, then Plaintiff created 5.25 versions of the List.[8]  It is

not possible to make a fraction of a version.  The Court thus assumes that Plaintiff

meant that 20 copies were necessary to make five different versions of the List for

the four groups.  Plaintiff is only entitled to be reimbursed for 15 of the 20 copies

because five copies were for the use and convenience of Plaintiff and her

---

[7]  Plaintiff requested 162 pages.  Because only 108 pages are reimbursable, the
Court recommends reducing the requested number of pages by 54 pages (162-108
= 54).

[8]  Number of versions = 21 copies/4 groups = 5.25 versions

counsel.  Thus, only 75 pages of the List are reimbursable. [9]  The Court

RECOMMENDS that 30 pages be deducted from Plaintiff's request.

Regarding the State's Printing Objections, the Court FINDS that 272 pages

of Plaintiff's request are not compensable. [10]

Regarding the remaining requests for printing costs, Plaintiff submitted a

spreadsheet that included the number of copies made, pages per copy, and the

document title.  *See* ECF No. 209-8.  Except for the State's Printing Objections

which the Court addressed above, the Court finds that Plaintiff's remaining request

for printing fees complies with 28 U.S.C. § 1920(4).  The Court thus FINDS that

3,707 pages are compensable, but that 272 pages are not. [11]  Therefore, this Court

RECOMMENDS that the District Court GRANT Plaintiff's request for printing

fees for only 3,707 pages at $0.15 per page.

E.   Witness Fees

Under 28 U.S.C. § 1821(b), "a witness shall be paid an attendance fee of $40

per day for each day's attendance.  A witness shall also be paid the attendance fee

for the time necessarily occupied in going to and returning from the place of

---

[9] 5 pages/version x 5 versions x 3 (Court, State BOE, Tom) = 75 pages

[10]  Total Reductions from State's Printing Objections: 48 pages (Complaint) + 54 pages (FAC) + 140 pages (Tom's Motion to Strike and State's Opposition to Motion) + 30 pages (Trial Exhibit List) = 272 pages.

[11] 3,979 (Total Number of Pages Requested) - 272 (Number of Non-Compensable Pages from State's Printing Objections) = 3,707 pages.

attendance at the beginning and end of such attendance or at any time during such attendance."  The United States General Services Administration mileage reimbursement rate effective on the date the witnesses testified in this case was $0.54 per mile.  *See* United States General Services Administration, Privately Owned Vehicle Mileage Reimbursement Rates, http://www.gsa.gov/portal/content/100715 (last visited October 17, 2016).

Plaintiff requests $602.00 for witness fees and mileage for fourteen (14) witnesses.  *See* ECF No. 209-9 at 1-2.  Plaintiff provided a spreadsheet that includes the names of the witnesses, the fees for attendance, the number of miles traveled per witness, and the mileage requested per witness.  *Id.*

The State BOE does not object to the witness fees and mileage for the following individuals: Shimada, DeCambra, Dr. Lee, and Dr. Lynch.  *See* ECF No. 213 at 17.  The State BOE objects, however, to nine of the requested witness fees and mileage in the amount of $387.00.  *See* ECF No. 213 at 12.  Specifically, the State BOE objects to witness fees for Lindquist, Sofa, Rockett, Hong, Heinchon, Paguyo, Heinchon, Espiritu, and Dela Cuadra-Larsen.  *See* ECF No. 213 at 12-13.  In addition to the objections to the nine witness fees, the State BOE argues that Exhibit 5 "does not comport with the assertion of Counsel's Affidavit which states that Exhibit 5 are true and correct copies of the invoices received from the Process Server of the witnesses subpoenaed for trial."  ECF No. 213 at 14.  The State BOE

asserts that the invoices attached to Exhibit 5 appear to be the process server's

charges for serving the subpoenas for each witness listed in the summary page of

Exhibit 5.  *Id.*  The State BOE did not take any position regarding Plaintiff's

request for witness fees or mileage for Shigeta.

The Court has reviewed Exhibit 5 and agrees that it appears to indicate the

process server's charges for serving the subpoenas instead of the records of

payment to the witnesses listed in Exhibit 5.  Although many of these witnesses

testified during Plaintiff's case-in-chief, Plaintiff has not provided documentation

showing that they were actually paid for their attendance at trial. This Court

therefore FINDS AND RECOMMENDS that the District Court DENY Plaintiff's

requests for witness fees and mileage.

F.  Professional Images Charges

Section 1920(4) allows costs for copies necessarily obtained for use in the

case.  Local Rule 54.2(f)(4) states that internal copying costs may be taxed at up to

$0.15 per page and that external copying costs may be awarded if reasonable.

Copies made for the use or convenience of the requesting party or counsel are not

taxable.  LR54.2(f)(4).

Plaintiff requests $1,923.43 for charges incurred from "Professional Images"

for making copies of pleadings, motions, responsive memoranda, trial exhibits,

subpoenas, and posters used for trial.  *See* ECF No. 209-10.  The State BOE claims

31

that Plaintiff failed to substantiate this expense as is required by Local Rule 54.2(f)(4). *See* ECF No. 213 at 14. The State BOE specifically objects that the invoices do not detail what was copied but only provides an accounting of the number of copies made. *Id*. The State BOE also claims that it does not know whether the charges overlap with any of the copying charges claimed in Exhibit 4. *Id.* The State BOE further claims that posters used for closing arguments at trial are not an allowable cost pursuant to either statute or court rule. *Id.* at 15. Plaintiff states that the State BOE does not cite any authority for its argument that posters are not an allowable cost. *See* ECF No. 220 at 13.

Plaintiff's documentation includes the dates and the number of copies made. *See* ECF No. 209-10. Plaintiff also submitted the invoices from Professional Images. *Id.*

The Court FINDS that Plaintiff's explanation is adequate and complies with Local Rule 54.2(f)(4). The Court therefore RECOMMENDS that the District Court GRANT Plaintiff's request for fees from Professional Images.

G.   "Other Costs"

Plaintiff requests $2,795.81 in "Other Costs," detailed further below.

   1.   Dr. Lee's Billing Statement for Trial Testimony

Plaintiff sought $1,3700.00 for Dr. Lee's trial testimony. Plaintiff withdrew this request in her Reply. *See* ECF No. 220 at 14. Because Plaintiff withdraws this

32

request, the issue is moot and the Court RECOMMENDS that the District Court not award costs for Dr. Lee's trial testimony.

   2. Certified Legal Video Services

Plaintiff requests costs in the amount of $2,795.81 for technical support provided by Certified Legal Video Services "Certified Video" during trial. *See* ECF No. 209-1 at 14. The State BOE argues that this expenditure is not authorized by statute, nor is it authorized by court rule. *See* ECF No. 213 at 16. The State BOE further argues that Plaintiff has not made any showing that these services were "necessarily" incurred for the presentation of Plaintiff's case. *Id.* Plaintiff argues that Certified Video's technician was necessary to assist in "exemplifying" the exhibits into PowerPoint and illustrating the exhibits to the Court and jury. *See* ECF No. 220 at 14.

To be compensable, a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). Fees associated with "exemplification" so qualify, although the statute does not define the term. *See* U.S.C. § 1920(4). In the narrowest legal sense, "exemplification" refers to "an official transcript of a public record, authenticated as a true copy for use as evidence." Black's Law Dictionary 593 (7th ed. 1999). More commonly, it signifies the act of illustration by example, Merriam-

33

Webster's Collegiate Dictionary 406 (10th ed. 1993), a connotation broad enough to include a wide variety of exhibits and demonstrative aids. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The issue presented in this request is whether the use of a third-party technology vendor constitutes exemplification costs.

The Court has not found any cases in the Ninth Circuit that have decided whether the use of a third-party technology vendor constitutes exemplification under 28 U.S.C. § 1920(4). Courts in the Seventh and Eighth Circuits, however, have interpreted the term "exemplification" to include the costs of computerized, multi-media presentations and the use of technology vendors at trial. A district court in the Eighth Circuit specifically addressed the issue of third party technology vendors in 2011 when it found that the party's "use of a third party technology vendor furthered the illustrative purposes of many of the exhibits received at trial and was necessarily obtained for use in this case." *See Penford Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2011 U.S. Dist. LEXIS 109344 (N.D. Iowa February 10, 2011); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006) (upholding the district court's apportionment among thirteen related cases of exemplification costs for graphic and visual aids and materials prepared for electronic display); *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 2009 WL 2584838 (N.D. Iowa Aug. 17, 2009) (indicating that

that the Eighth Circuit follows the broad interpretation of exemplification); *First Nat'l Bank v. First Nat'l Bank S.D., SPC, Inc.*, 2010 U.S. Dist. LEXIS 114906, at *8-9 (D.S.D. Oct. 26, 2010) (agreeing with the Northern District of Iowa's determination that the Eighth Circuit follows the broad interpretation of exemplification).

Regarding the compensability of a computerized, multi-media presentation to a jury, the Seventh Circuit stated that "so long as the means of presentation furthers the illustrative purpose of an exhibit . . . it is potentially compensable as exemplification." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).

Here, Plaintiff requests the costs for a technician who assisted in "preparing, editing, and scanning of trial exhibits in Plaintiff's counsel's computer for presentation at trial; technical support at trial." ECF No. 209-11 at 1. Plaintiff's use of Certified Video and its technology assistant/technician was reasonably necessary to assist in exemplifying the exhibits into PowerPoint and illustrating the exhibits to the Court and jury. For those reasons, the Court FINDS that Plaintiff's use of Certified Video constitutes exemplification costs and is therefore compensable. The Court RECOMMENDS that the District Judge GRANT Plaintiff's request for Certified Video's fees.

<u>TOTAL TAXABLE COSTS</u>

Based on the foregoing, the Court FINDS that the following fees are taxable:

| | |
|---|---|
| *Fees of the Clerk* | $500.00 |
| *Fees for Service of Process and Service of Subpoenas* | $137.18 |
| *Fees for Printed or Electronically Recorded Transcripts* | |
| 1. Kristin Lindquist | $753.24 |
| 2. Dr. Wayne Lee | $328.69 |
| 3. Joann DeCambra | $636.23 |
| 4. Nelson Shigeta | $694.20 |
| 5. Dean Shimada | $433.21 |
| 6. Patricia Sofa | $291.27 |
| 7. Angelica Kauhako (Vols. I & II) | $924.61 |
| 8. Rachel Lynch | $930.26 |
| 9. Mariana Doe | $352.88 |
| 10. John Kauhako | $290.58 |
| 11. Dean Shimada's Trial Transcript | $570.85[12] |
| 12. Transcripts of HPD records (redacted) | $343.93 |
| 13. Transcripts of HPD records (unredacted) | $408.49 |
| TOTAL | $6,958.44 |
| *In-House Printing Costs* | |
| 3,707 copies at $0.15 page | $556.05[13] |
| *Witness Fees* | $0.00[14] |
| *Professional Images Charges* | $1,923.43 |
| *Other Costs* | |

---

[12] Plaintiff requested $721.26 for Shimada's Trial Transcript.  The Court finds that $150.41 is not compensable and recommends that the District Court grant Plaintiff's request for only $570.85.

[13] Plaintiff requested $596.85.  The Court finds that $40.80 is not compensable and recommends that the District Court grant Plaintiff's request for only $556.05.

[14] Plaintiff requested $602.00.  The Court recommends that the District Court deny Plaintiff's request for witness fees.

| | |
|---|---|
| Dr. Lee's Billing Statement for Trial Testimony | $0.00[15] |
| Certified Legal Video Services | $2,795.81 |
| TOTAL | $2,795.81 |
| GRAND TOTAL | $12,870.91 |

<u>CONCLUSION</u>

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Bill of Costs be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that the District Court award Plaintiff $12,870.91 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, October 28, 2016.



   /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Kauhako v. State of Hawaii Board of Education Department of Education, et al.*; CV 13-00567 DKW-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Bill of Costs.

---

[15] In her Reply, Plaintiff withdrew her request for $1,370.00 for the cost of Dr. Lee's trial testimony. The Court recommends that the District Court not award costs for Dr. Lee's trial testimony.