IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANGELICA J. KAUHAKO, Individually and as parent and next friend of her minor child, MARIANA DOE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION; NELSON SHIGETA, Individually and as principal of Waianae High School; KRISTIN LINDQUIST, individually and as Care coordinator of Waianae High School; DOE DEFENDANTS 1-10,<br><br>　　　　Defendants. | Civil No. 13-00567 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF ANGELICA J. KAUHAKO'S MOTION FOR ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF ANGELICA J. KAUHAKO'S MOTION FOR ATTORNEYS' FEES

On July 22, 2016, Plaintiff Angelica J. Kauhako ("Kauhako" or "Plaintiff") filed a motion to recover her attorneys' fees ("Motion"). ECF No. 229-1. On August 5, 2016, Defendant State of Hawaii Board of Education Department of Education ("State Board" or "Defendant") filed a response opposing Kauhako's Motion. ECF No. 230. Plaintiff filed a reply to Defendant's opposition on August 19, 2016. ECF No. 231. On September 16, 2016, Defendant filed a supplemental

1

memorandum in opposition to the Motion.  ECF No. 233.  On October 7, 2016, Plaintiff filed a reply to Defendant's supplemental memorandum.  ECF No. 241.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The Court, after reviewing the parties' submissions and the record established in this action, FINDS and RECOMMENDS that Plaintiff's Motion be DENIED.

## BACKGROUND

Kauhako alleged that Ruston Tom ("Tom"), an adult male special education student, sexually assaulted her daughter, Mariana Doe ("Mariana"), a special education student and minor, while under the care and supervision of the State Board at Waianae High School.  *See* ECF No. 83 at 2.

On September 6, 2013, Plaintiff filed a Complaint in the First Circuit Court of the State of Hawaii against State Board; Nelson Shigeta ("Shigeta"), Principal of Waianae High School; and Kristin Lindquist ("Lindquist"), Mariana's Special Education teacher at Waianae High School (collectively, the "State Defendants").  Plaintiff alleged that Tom sexually assaulted Mariana in a school bathroom during class time.  *See* ECF No. 1-1.  Plaintiff asserted a Title IX claim and various state law claims against the State Defendants.  *Id*.  On October 29, 2016, the State

Defendants filed a Notice of Removal, removing the case to this Court. ECF No. 1.

Based on the allegations in the Complaint, the State Defendants filed a Third-Party Complaint against Tom seeking contribution from Tom in the event that there was a finding that Tom had sexually assaulted Mariana. *See* ECF No. 11. This Court denied Tom's Motion to Strike or Dismiss the Third-Party Complaint on July 11, 2014. *See* ECF No. 29.

On June 11, 2015, the State Defendants filed a Motion for Summary Judgment ("MSJ"). ECF No. 63. On September 9, 2015, the Court issued an Order Granting in Part and Denying in Part State Defendants' MSJ. ECF No. 83. Specifically, the Court dismissed all claims against Shigeta. *Id.* The Court also dismissed Plaintiff's claims for premises liability and punitive damages against the State Board. *Id.*

Trial commenced on April 8, 2016 against the State Board for Title IX claims and against the State Board and Lindquist for the following claims: (1) negligent supervision of students; (2) negligence; (3) gross negligence; (4) intentional infliction of emotional distress ("IIED"); and (5) negligent infliction of emotional distress ("NIED"). *See* ECF No. 232 at 3.

Trial concluded on April 28, 2016. ECF No. 191. On May 2, 2016, the jury found the State Board and Lindquist liable for negligence, negligent supervision,

and NIED. *See* ECF No. 204. The jury held in favor of Plaintiff and awarded the following damages: general damages in the amount of $157,500.00 to Plaintiff; general damages of $630,000.00 to Mariana; $2,825.00 for Mariana's past medical expenses; and $20,000 for her future medical expenses. *Id.* at 4. The jury found that the State Board was ninety-five percent (95%) liable for Plaintiff's injuries and that Lindquist was five percent (5%) liable for her injuries. *See* ECF No. 204. The jury also found that Plaintiff failed to prove that Lindquist was motivated by malice. *Id*. As a result of this finding, the Court held that Lindquist was entitled to a state law qualified privilege and dismissed the three negligence-based claims against her with prejudice. ECF No. 232 at 4. The jury held that Tom was not liable for any of the claims raised in the Third-Party Complaint. *See* ECF No. 204 at 12.

## DISCUSSION

The primary issue before the court is whether Plaintiff is entitled to recovery of her attorneys' fees. Plaintiff seeks $236,687.50 in attorneys' fees pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* In the alternative, Plaintiff seeks $192,452.19 in attorneys' fees under Hawaii's State Tort Liability Act Hawaii Revised Statutes ("HRS") section 662 ("State Tort Liability Act"). *See* ECF No. 229-1 at 3.

Defendant asserts that Plaintiff is not entitled to attorneys' fees under either the IDEA or the State Tort Liability Act. ECF No. 230 at 7-8. Defendant argues that Plaintiff cannot recover attorneys' fees under the IDEA because none of Plaintiff's claims arose from allegations that the State Defendants violated provisions of the IDEA. *Id.* at 8. Defendant also argues that HRS section 662-12, which provides for the award of attorney's fees under the State Tort Liability Act, is not applicable because (i) the State Board has not waived its sovereign immunity; (ii) "the Hawaii Supreme Court's interpretation of the statute is opposite the clear language, rendering the court's application of the statute constitutionally infirm"; and (iii) the Hawaii Supreme Court's interpretation of the statute violates the Equal Protection Clause of the U.S. Constitution, making it constitutionally unsound. *Id.* at 11-17.

The Court FINDS that Plaintiff is not entitled to attorney's fees under the IDEA because Plaintiff did not file a claim under the IDEA. The Court also FINDS that although an award of fees under HRS section 662-12 is permissible, this Court nevertheless RECOMMENDS that the District Court exercise its discretion and DENY Plaintiff's Motion.

I. Attorney's Fees Under HRS section 662-12

A. HRS section 662-12 Permits an Award of Fees

The State of Hawaii Legislature has explicitly waived sovereign immunity from claims filed under the State Tort Liability Act. *See* HRS § 662-2. Section 2 of the State Tort Liability Act provides that the State of Hawaii ("State) "waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." HRS § 662-2.

The State Tort Liability Act also contains a fee-shifting provision which expressly provides that the Court may award reasonable attorney's fees, payable out of the judgment, to a prevailing plaintiff:

> [t]he court rendering a judgment for the plaintiff pursuant to this chapter [the State Tort Liability Act] . . . ***may***, as a part of such judgment, award, or settlement, determine and allow reasonable attorney's fees which shall not, however, exceed twenty-five per cent of the amount recovered and shall be payable out of the judgment awarded to the plaintiff; provided that such limitation shall not include attorney's fees and costs that the court may award the plaintiff as a matter of its sanctions.

HRS § 662-12 (emphasis added).

Plaintiff argues that she has a statutory claim to attorneys' fees pursuant to HRS section 662-12. *See* ECF No. 229-1 at 11-13. Defendant argues that "to

6

allow an award of attorneys' fees in this case would not be holding the State 'liable in the same manner and to the same extent as a private individual under like circumstances,'" as provided for in HRS section 662-2, "but rather would be treating the State differently and more harshly than any other defendant." ECF No. 230 at 12. Defendant also claims that the State has not waived its sovereign immunity and therefore an award of attorneys' fees against it is not allowable under HRS section 662-12. *Id.* at 13.

For the reasons that follow, the Court FINDS that although HRS section 662-12 permits an award of fees, an award is not suitable in this case and thus, the Court RECOMMENDS that the District Court DENY Plaintiff's Motion.

> 1. An Award of Attorney's Fees Under HRS Section 662-12 Is Not a Violation of the American Rule or the United States Constitution

The State Tort Liability Act provides that the State "shall be liable in the same manner and to same extent as a private individual under like circumstances . . . ." *See* HRS § 662-2. Accordingly, Defendant asserts that because a private individual or entity suing in tort would not be entitled to an award of attorneys' fees under the American rule, "like circumstances" should equally prevent an award in the case where parties sue the State. *See* ECF No. 12; *see also Chun v. Board of Trustees of Employees' Retirement Sys.*, 92 Haw. 432, 439, 992 P.2d 127, 134 (2000) (stating that under the American Rule each party is responsible for paying his or her own litigation expenses).

Defendant's argument ignores that Section 12 of the State Tort Liability Act specifically provides for the discretionary imposition of attorney's fees. The fee-shifting provision in the statute is clear and unequivocal. The plain language of the statute provides that a defendant may be held liable for payment of attorney's fees to a prevailing party. It is a cardinal rule of statutory construction that "legislative enactments are presumptively valid and if possible, every word, clause, and sentence of a statute should be interpreted in such a manner as to give them effect." *See Sato v. Tawata*, 79 Haw. 14, 22, 897 P.2d 941, 949 (1995). In interpreting a statute, the Court presumes that the legislature did not intend an absurd result, and legislation will be construed to avoid "inconsistency, contradiction and illogicality." *Id*. at 950; *see also*, *State v. Wells*, 894 P.2d 70, 73 (1995). The Court is required to uphold and enforce the intention of the legislature as expressed in the language of a statute. *Pac. Int'l Servs. Corp. v. Hurip*, 76 Haw. 209, 216, 873 P.2d 88, 95 (1994) (citations omitted)). Where the language of the statute is plain and unambiguous, the court's "only duty is to give effect to its plain and obvious meaning." *Ing v. Acceptance Ins. Co.*, 76 Haw. 266, 270, 874 P.2d 1091, 1095 (1994) (citations omitted).

Defendant's argument is opposite the clear language of the statute. The purpose of the statute is to provide fee-shifting benefits to parties proceeding under the Act. Thus, the statute specifically rejects application of the American Rule in

cases covered by the State Tort Liability Act.  Section 12 of HRS section 662 is a clear expression of the Legislature's public policy decision to allow fee-shifting in those cases where State employees have committed torts.  There is no question that plaintiffs who prevail under the State Tort Liability Act may recover attorney's fees.

Defendant's claim that the statute conflicts with the federal Constitution is also without merit.  Defendant argues that HRS section 662-12 violates the Equal Protection Clause of the U.S. Constitution because it forces the "State to pay attorney's fees in a tort case whereas no other litigant in a tort case, other than the State, is required to pay fees."  ECF No. 230 at 15.

It is well-established that statutes which provide for fee-shifting under specific circumstances do not violate the Equal Protection Clause.  For public policy reasons, state and federal governments have enacted fee shifting statutes to ensure that private citizens can recover their attorney's fees where it has been held that a government entity has violated its obligations to the public.  *See, e.g.*, Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E)(i); Hawaii's Uniform Information Practices Act § 92F-27(d)(2).  Such statutes act as "an exception to the 'American Rule,' [which provides that] each party is responsible for paying his or her own litigation expenses."  *Chun,* 92 Haw. at 439, 992 P.2d at 134.  The purpose of fee-shifting provisions is to enforce compliance with statutes.  Thus, in

every instance, a party seeking fees under a fee shifting statute is pursuing a benefit conferred by legislation that is generally not available to other litigants. To accept Defendant's argument would potentially invalidate all fee shifting provisions on Equal Protection grounds. For these reasons, the Court rejects Defendant's arguments.

> 2. The State Has Waived Its Sovereign Immunity under HRS section 662-12

Defendant claims that the State has not waived its sovereign immunity from an award of attorney's fees under HRS section 662-12. *See* ECF No. 230 at 13. The only authority cited by Defendant in support of this argument is the Hawaii Supreme Court's interpretation of the statute in *Levy v. Kimball*, 51 Haw. 540, 465 P.2d 580 (1970), which, Defendant asserts, "was an improper policy decision." *Id.* at 14. Therefore, Defendant concludes, the fees as requested are not authorized. *Id.* Plaintiff counters that: (1) the State was a party in the *Levy* case, which went before the Hawaii Supreme Court, and did not raise the constitutional objections raised by the State Board; and (2) HRS section "662-12 is a subpart of the State Tort Liability Act; therefore, the State[ Board's] contention that it did not waive sovereign immunity is void of any merit." ECF No. 231 at 4.

Under the State Tort Liability Act, the State of Hawaii explicitly waives its liability for the torts of its employees. *See* HRS § 662-2 (stating that the State "waives its immunity for liability for the torts of its employees . . ."). Subsection

10

12 of the State Tort Liability Act provides that a court may award attorney's fees to a successful party asserting a claim under the Act. The award of reasonable attorneys' fees shall be paid from the judgment awarded to the plaintiff. *See* HRS § 662-12. Thus, it is clear from the plain language of subsection 2 and 12 of the State Tort Liability Act that: (1) the State intended to waive its liability for the torts of its employees; and (2) a court may award attorney's fees to a plaintiff in a torts action against the State pursuant to HRS section 662-12.

In *Levy*, the court implied a waiver of sovereign immunity and held that a prevailing party may recover attorney's fees in addition to damages awarded under the State Tort Liability Act. *See Levy*, 51 Haw. at 546, 465 P.2d at 584; *see also* ECF No. 230 at 13. In 1979, after *Levy* was decided, the Hawaii State Legislature amended section 12 of the State Tort Liability Act. *See* 1979 Digest and Index of Laws Enacted, Tenth State Legislature, 1979 Regular Session, Act 152 (H.B. No. 1634), at page 129. The amendment revised the statute as follows: (1) it increased the amount of attorney's fees that can be awarded under the statute from twenty percent to twenty-five percent; and (2) it added a provision that the attorney's fees "shall be payable out of the judgment awarded the plaintiff." *Id.*

Nothing in the legislative history of the State Tort Liability Act indicates that the Legislature addressed or considered whether the State had or had not waived its sovereign immunity with respect to attorney's fees. If the *Levy* court's

11

determination that the State had waived its sovereign immunity for fees was incorrect, the Court presumes that the Legislature would have addressed that error because: (1) *Levy* was decided before the Legislature amended the State Tort Liability Act in 1979; and (2) in enacting the statute, the Legislature specifically reversed the *Levy* court's determination regarding a related attorney's fees matter under the State Tort Liability Act.

The legislative history and language of the State Tort Liability Act establish that the State has waived its sovereign immunity with regard to liability for attorney's fees in actions brought under the State Tort Liability Act.

> 3. Attorney's Fees Under HRS Section 662-12 Should Be Awarded Out of the Judgment

Plaintiff initially claimed that, based on the Hawaii Supreme Court's interpretation of HRS section 662-12 in *Levy*, the Court may award attorney's fees in addition to the award of compensatory damages. Defendant countered that "the language contained in the statute today prohibits payment of attorneys' fees against the State in addition to the judgment and not out of it." ECF No. 233 at 3. Defendant further argued that based on the "legislative history and plain wording of 662-12, it is clear that the legislature intended to and did correct the inequities created by" the Hawaii Supreme Court's interpretation of the statute. ECF No. 233 at 3. In her reply to Defendant's supplemental memorandum in opposition to the

Motion, Plaintiff concedes that she is not entitled to recover attorneys' fees in addition to the judgment amount.  *See* ECF No. 241.

As set forth above, the Legislature specifically amended HRS section 662-12 in 1979 to provide that any attorney's fees awarded would be paid from the proceeds of the judgment.  *See* 1979 Digest and Index of Laws Enacted, Tenth State Legislature, 1979 Regular Session, Act 152 (H.B. No. 1634), at page 129.

While each party relies upon *Levy* to support their respective arguments, it is the Legislature's amendments to the State Tort Liability Act after the *Levy* decision was issued that control the finding here.  Pursuant to the current statutory provisions of the State Tort Liability Act, the Court FINDS that under HRS section 662-12, attorney's fees are to be awarded out of and not in addition to the judgment awarded to Plaintiff.

> B.  The Court Recommends That Plaintiff's Motion For Attorneys' Fees Under HRS section 662-12 Be Denied

The award of attorney's fees under the State Tort Liability Act is discretionary with the trial court.  *See* HRS 662-12 ("[t]he court rendering a judgment for the plaintiff pursuant to this chapter [the Tort Act]… may, as a part of such judgment, award or settlement, determine and allow reasonable attorney's fees . . .").  Thus, the fee award is permissive, not mandatory.  *See Viveiros v. State*, 54 Haw. 611, 614, 513 P.2d 487, 489-90 (1973) (stating that "HRS § 662-12 as a statute [] gives the trial court discretion in awarding attorney's fees");

13

*Waiolama v. State*, 133 Haw. 448, 329 P.3d 353 (2014) (same). Although the award of attorneys' fees in this case is permissible under HRS section 662-12, the Court recommends that the District Court exercise its discretion and deny a fee award. The Court finds that an attorneys' fee award in this case would not increase the net result to the moving party. Because the fee award will come out of, and not be added to the judgment, the Court sees no practical reason for awarding fees in this matter because doing so only apportions the fee award but has no effect on the amount of the judgment. The Court thus RECOMMENDS that the District Court exercise its discretion and DENY Plaintiff's Motion.

II. 20 U.S.C. § 1415(i)(3) Is Not Applicable to Plaintiff's Claim for Fees

Plaintiff claims that she is entitled to attorneys' fees under the IDEA because "[t]he IDEA authorizes an action solely to recover attorneys' fees and costs, even if there was no administrative or judicial proceeding to enforce Mariana's rights under the IDEA." *See* ECF No. 229-1 at 5. The State Board argues that Plaintiff's Motion should be denied because there was no "mention or reference to the IDEA nor any claims made pursuant to the IDEA" anywhere in Plaintiff's First Amended Complaint. ECF No. 230 at 8. The Court agrees with the State Board.

The purpose of the IDEA is to ensure that children with disabilities are given the opportunity for a free appropriate education to prepare them for further education, employment, and independent living. *See* 20 U.S.C. § 1400(d). The

fee-shifting provision in the IDEA permits attorney's fees "[i]n any action or proceeding brought under this section," allowing a court to "award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3). The fee provision applies to a parent's IDEA claim brought to ensure that his or his child receives the appropriate education – not to any claim brought by a parent of a special needs child. In the matter here, Plaintiff's claims arise out of the tortious actions of the State Board, not out of a failure to comply with the provisions of the IDEA. Plaintiff proceeded to trial against the State Board under Title IX and against both the State Board and Lindquist for negligence-based and emotional distress tort claims. As the State Board notes, "nowhere in Plaintiff's First Amended Complaint was there any reference to the IDEA nor [we]re any claims made pursuant to the IDEA." ECF No. 230 at 8. Plaintiff made no claim under the IDEA, and she is not entitled to relief under the statute. Because only a party who prevails on a claim covered by the IDEA is entitled to recover attorney's fees under the statute, Plaintiff's claim for attorneys' fees under the IDEA should be denied.

In addition, the cases that Plaintiff relies upon in support of her Motion do not support a finding that Plaintiff is entitled to fees under the IDEA. *See* ECF No. 229-1 at 3-4; *see also P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165 (9th Cir. 2007); *Parents of Student W v. Puyallup School District, No. 3*, 31 F.3d 1489, 1498

15

(9th Cir. 1994). Unlike the present case, those cases involved underlying claims seeking relief pursuant to the IDEA.

Plaintiff suggests that the court's consideration of fees in *P.N. v. Seattle School Dist. No. 1* is instructive here because in *P.N.* the court reaffirmed the rule followed by the circuit that a party may seek fees under the IDEA's fee-shifting provision even where liability is "established outside the district court itself." *P.N.*, 474 F.3d at 1169. The holding in *P.N.* does not apply to this matter because Plaintiff is not entitled to relief under the IDEA under the facts of this case. Plaintiff argues that a finding of liability "outside the district court" also permits a finding of IDEA-authorized fee liability even where she has no claim under the IDEA. This argument is without merit and inopposite to the controlling case law. In *P.N.* the court followed *Lucht v. Molalla River Sch. Dist.,* 225 F.3d 1023, 1025 (9th Cir. 2000) and held that a plaintiff moving under the IDEA might ultimately proceed before a court for fees alone where the underlying IDEA claim had been otherwise resolved. *Id.* The matter here differs from *P.N.* in that Plaintiff did not seek, nor claim entitlement to, relief under the IDEA. *Id.*

Plaintiff also cites *Parents of Student W v. Puyallup School District, No. 3* in support of her argument that she is entitled to fees under the IDEA. 31 F.3d at 1498. *Parents of Student W* is inapplicable to this case because, as in P.N.,

16

plaintiffs brought an action against defendant school district under the IDEA. *Id.* at 1492. Here, the Plaintiff did not raise any claims under the IDEA.

In sum, plaintiffs in *Parents* and *P.N.* brought claims under the IDEA, whereas the Plaintiff here brought claims under Title IX and negligence-based and emotional distress tort claims. Because Kauhako did not proceed under the IDEA, the two cases Plaintiff cites are not applicable. For these reasons, the Court FINDS that Plaintiff is not entitled to attorneys' fees under the IDEA.

## CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, November 28, 2016.



          /S/ Kenneth J. Mansfield
          Kenneth J. Mansfield
          United States Magistrate Judge

*Kauhako v. State of Hawaii Board of Education Department of Education, et al.*; CV 13-00567 DKW-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Attorneys' Fees