UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI‘I

ANGELICA J. KAUHAKO, individually and as parent and next friend of her minor child, MARIANA DOE,

Plaintiff,

vs.

STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, et al.,

Defendants.

---

STATE OF HAWAII BOARD OF EDUCATION DEPARTMENT OF EDUCATION, et al.,

Defendants and
Third-Party Plaintiffs,

vs.

RUSTON TOM,

Third-Party Defendant.

CIVIL NO. 13-00567 DKW-KJM

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANT RUSTON TOM'S MOTION FOR ATTORNEYS' FEES**

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANT RUSTON TOM'S MOTION FOR ATTORNEYS' FEES**

## INTRODUCTION

Following a nine-day trial, the jury returned a verdict against the State of Hawaii Board of Education Department of Education ("State") and Kristin Lindquist on Angelica Kauhako and her daughter Mariana's negligence-based claims arising out of an alleged sexual assault against Mariana by another student at Waianae High School, Third-Party Defendant Ruston Tom. The jury also returned a verdict in favor of Tom on the State's third-party claim against him for contribution. Following the favorable verdict, Tom sought attorneys' fees against the State as the prevailing party under statutory fee shifting provisions.

Tom objects to the Magistrate Judge's October 28, 2016 Findings and Recommendation (F&R), denying his post-trial motion for attorneys' fees and costs.[1] Because Tom is not entitled to attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, or Hawaii Revised Statutes ("HRS") § 607-14.5, and there is no other basis under which to award fees, the Court ADOPTS the conclusions of the F&R and overrules Tom's Objections.

[1]The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

## BACKGROUND

### I. Claims, Third-Party Claims, And Trial

#### A. Claims and Third-Party Claims

On September 6, 2013, Kauhako filed a Complaint against the State; Lindquist, Mariana's Special Education teacher; and Nelson Shigeta, Principal of Waianae High School (collectively, the "State Defendants"), alleging that Tom sexually assaulted Mariana in a school bathroom during school hours. The Complaint asserted the following claims: (1) violation of Title IX, 20 U.S.C. § 1681(a), based on student-on-student sexual harassment (Count I); (2) a 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment and Title IX (Count II); (3) premises liability (Count III); (4) sexual assault and battery (Count IV); (5) negligent supervision of students (Count V); (6) negligent hiring, training, and/or supervision of school staff (Count VI); (7) negligence (Count VII); (8) gross negligence (Count VIII); (9) willful and wanton conduct/reckless disregard (Count IX); (10) intentional infliction of severe emotional distress ("IIED") (Count X); (11) negligent infliction of emotional distress ("NIED") (Count XI); (12) and a *respondeat superior* claim against the State (Count XII). *See* Dkt. No. 1-1.

On November 7, 2013, the State Defendants filed a First Amended Third-Party Complaint against Tom, seeking contribution and indemnification in the event that that they were found liable to Kauhako for any injuries or damages. *See*

Dkt. No. 11. Tom's Motion to Strike or Dismiss the Third-Party Complaint was denied in a July 11, 2014 order. *See* Dkt. No. 29.

**B. <u>Trial And Verdict</u>**

Trial commenced on April 18, 2016. As a result of rulings on several dispositive motions, *see* Dkt. Nos. 45 and 83, the following claims remained for trial against the State and Lindquist: (1) violation of Title IX (Count I); (2) negligent supervision of students (Count V); (3) negligence (Count VII); (4) gross negligence (Count VIII); (5) IIED (Count X); and (6) NIED (Count XI).

During the course of trial, the Court denied Tom's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). *See* Dkt. Nos. 185 and 191. Tom's Rule 50(a) Motion asserted, in part:

> that any arguable third party claims against Ruston are not based upon federal statutes that automatically confer jurisdiction upon the federal district court since Ruston, himself, has no liabilities under Title IX or under the Individuals with Disabilities in Education Act ["IDEA"]. Perhaps he could have been sued by the Plaintiff for negligent or intentional torts under Hawaii State law, but the Plaintiff has chosen not to pursue any such claims against Ruston. Accordingly, this Court's jurisdiction arises – if at all – under 28 U.S.C. 1367(a), the statute that allows this Court to exercise its "supplemental jurisdiction" under certain clearly defined circumstances or, alternatively to decline jurisdiction for reasons set forth in Section 1367(c). In their Third-Party Complaint against Ruston the Defendants made no allegations pertaining to jurisdiction and to this date never have articulated any basis or justification for this Court to hear their claims against Ruston Tom.

Dkt. No. 185 at 4-5.

The jury returned its verdict on May 2, 2016, finding the State and Lindquist liable for negligence, negligent supervision, and NIED. The jury awarded Kauhako general damages in the amount of $157,500, and awarded Mariana $630,000 in general damages, $2,825 for past medical expenses and $20,000 for future medical expenses. The jury also apportioned fault between the Defendants, finding the State 95 percent and Lindquist 5 percent liable, respectively. *See* Dkt. No. 204. The jury's verdict included a determination that Kauhako failed to prove by clear and convincing evidence that Lindquist was motivated by malice. As a result, post-trial, the Court ruled as a matter of law that Lindquist was entitled to a qualified privilege under state law, and, without objection, dismissed the three negligence-based claims against her with prejudice. *See* Dkt. No. 207.

## II. <u>Magistrate Judge's F&R</u>

On May 26, 2016, Tom filed a Motion for Attorneys' Fees pursuant to Local Rule 54.3, seeking his fees as the prevailing party under (1) the IDEA, and (2) HRS § 607-14.5. Dkt. No. 211. In the October 20, 2016 F&R, the Magistrate Judge found that Tom is not entitled to fees under either provision.

### A. <u>IDEA</u>

The Magistrate Judge first addressed Tom's asserted grounds for fees under the IDEA, including that: (1) the State breached its obligations to protect special

education students Mariana and Tom; (2) the breach resulted in the events at issue in the civil action, and (3) Tom is a prevailing party. F&R at 5-7. The F&R reviewed the procedural history of the litigation, detailing the claims brought by Kauhako against the State Defendants and by the State Defendants against Tom, and then explaining that none of claims were brought under the IDEA.

> Plaintiff's allegations against the State BOE and Lindquist did not include claims that Defendants violated the IDEA. Rather, Plaintiff proceeded to trial against the State BOE under Title IX and sought relief against both the State BOE and Lindquist for negligence-based and emotional distress tort claims. As the State BOE notes, "nowhere in Plaintiff's First Amended Complaint was there any reference to the IDEA nor [we]re any claims made pursuant to the IDEA. Moreover, [Tom], as a Third-Party Defendant, was defending a contribution claim contained in the Third-Party Complaint. Defending himself against the contribution claim has nothing to do with" the IDEA.

F&R at 6 (citation omitted).

The Magistrate Judge concluded that because the claims at issue were not brought under the IDEA, Tom is not entitled to fees under the IDEA as a prevailing party. F&R at 6-8.

**B. <u>HRS § 607-14.5</u>**

The F&R next addressed Tom's contention that he is entitled to fees under HRS § 607-14.5 because the third-party claims were frivolous. The Magistrate Judge reviewed the relevant history of the third-party claims, noting that the district court denied Tom's Motion to Strike or Dismiss the Third-Party Complaint

and denied his Rule 50(a) Motion for Judgment as a Matter of law. F&R at 10. The F&R noted the absence of any finding of frivolousness by the district court, and the Magistrate Judge independently determined that the third-party claims fell short of the standard for bad faith or frivolousness. F&R at 11-12. The Magistrate Judge accordingly recommended that fees be denied under HRS § 607-14.5.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc)* ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate

judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright*, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Fed. R. Civ. P. 72(b) advisory committee's note.

## DISCUSSION

### I. Tom Is Not Entitled To Fees Under The IDEA

"The IDEA is a comprehensive educational scheme, conferring on disabled students a substantive right to public education and providing financial assistance to enable states to meet their educational needs." *Hoeft ex rel. Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1300 (9th Cir. 1992) (citing *Honig v. Doe*, 484 U.S. 305, 310 (1988)). It ensures that "all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A). The IDEA provides, in pertinent part, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(I).

As explained concisely in the F&R, this civil action was not brought under the IDEA, and accordingly, the Court has no authority to award fees to any party under the statute. Tom himself acknowledges that the F&R correctly "points out that the Plaintiff did not specifically cite the [IDEA] as a basis for her claims." Objections at 3. Because none of the claims were brought under the IDEA, and only a party who prevails under an "action or proceeding brought under this section [1415]" is entitled to fees, Tom is not entitled to fees under the statute.

Tom's generalized arguments that the State breached unspecified duties under the IDEA to supervise special education students Tom and Mariana do not bring any of Kauhako's claims or the State Defendants' third-party claims within the ambit of the IDEA. The federal IDEA sets out a detailed statutory scheme that requires exhaustion of administrative remedies, *see* 20 U.S.C. § 1415(b), and permits appellate review by the court rather than a trial by jury. *See* 20 U.S.C. § 1415(i)(2)(C).[2] Tom does not detail which of the IDEA's statutory provisions

---

[2]The Ninth Circuit provides the following overview of the statutory scheme:

> The IDEA seeks "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To implement the IDEA, schools must prepare a written Individualized Education Program ("IEP") for each disabled child. 20 U.S.C. § 1414(d); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993). "[T]he IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable each child to meet

were violated by the State Defendants here or how they "violated their duties under the IDEA" to Tom or Mariana. Tom cannot now recharacterize Kauhako's claims or the State Defendants' third-party claim for contribution as claims "brought under" the IDEA – they were not.

The Court concludes that Tom is not entitled to attorneys' fees pursuant to the IDEA under the circumstances presented, and accordingly overrules Tom's Objections and adopts the F&R on this point.

## II. Tom Is Not Entitled To Fees Under HRS § 607-14.5

Tom also objects to the Magistrate Judge's finding that the third-party claims were not frivolous for purposes of HRS § 607-14.5. In support of this argument, he posits that "[e]ven in the absence of any specific precedent we think this Court should award fees and costs to this prevailing third-party defendant because the failure to do so will simply reward the state defendants for bringing

---

> these objectives." *Honig v. Doe*, 484 U.S. 305, 311, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). The statute guarantees parents of disabled children an opportunity to participate in the identification, evaluation, and placement process. 20 U.S.C. §§ 1414(d)(1)(B)(i), 1415(b)(1). Parents who object to their child's "identification, evaluation, or educational placement," or have a complaint regarding the provision of a free appropriate public education for their child, can file an administrative complaint and are entitled to an impartial due process hearing. *Id.* §§ 1415(b)(6), (f)(1); *Ojai*, 4 F.3d at 1469. At the due process hearing, parents have a right to be accompanied and advised by counsel, present evidence, and confront, cross-examine, and compel the attendance of witnesses. 20 U.S.C. § 1414(h). Parents aggrieved by a hearing officer's findings and decision can file a civil action in either federal or state court. *Id.* § 1415(i)(2).

*P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1167 (9th Cir. 2007).

claims that should never have been pursued in the first place." Objections at 5. The Court declines to award fees under Tom's proposed standard.

The Magistrate Judge recommended denying Tom's request for fees under HRS § 607-14.5, which authorizes fees and costs in cases involving frivolous claims, as follows:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

HRS § 607-14.5.

A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the

court was not required.'" *Canalez v. Bob's Appliance Serv. Ctr., Inc.*, 89 Hawai'i 292, 300, 972 P.2d 297, 303 (1999) (quoting *Coll v. McCarthy*, 72 Hawai'i 20, 29, 804 P.2d 881, 887 (1991)). The Magistrate Judge accurately noted that the Court made no specific finding, in writing or otherwise, that the third-party claims were frivolous. Indeed, the Court denied Tom's motion to dismiss and Rule 50(a) motion on the third-party claims, evincing sufficient questions going to the merits – and correspondingly a lack of frivolousness – to allow the claims to reach the jury. Although the jury found that Tom was not liable to the State Defendants for contribution, he failed to establish during the course of trial – and now post-trial – that the third-party claims were so manifestly and palpably without merit so as to indicate bad faith on the part of the State Defendants. Consequently, Tom is not entitled to attorneys' fees under HRS § 607-14.5.

Upon *de novo* review of the F&R, and based on its own review and familiarity with this case, the Court overrules Tom's Objections and adopts the F&R's recommendation to deny the request for attorneys' fees and costs under HRS § 607-14.5.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Deny Third-Party Defendant Tom's Motion for Attorneys' Fees.

IT IS SO ORDERED.

DATED: December 21, 2016 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

*Kauhako v. State of Hawaii, et al.*; Civ. No. 13-00567 DKW-KJM; **ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANT RUSTON TOM'S MOTION FOR ATTORNEYS' FEES**